## STATE *vs.* MARY J. FRAZIER.

### Cumberland. Opinion February 10, 1887.

*Intoxicating liquors. Nuisance. Owner of building, when liable.*
*R. S., c. 17, § 4.*

To constitute the offence of aiding in the maintaining of a nuisance under R. S., c. 17, § 4, it must appear that the tenement was either let for the

illegal use, or that the illegal use was permitted, that is, consented to by the defendant, either as owner of the tenement, or as a person having the control of the same.

One who has authority to let a tenement and receive the rents has control of it within the meaning of the statute.

ON exceptions, from the superior court.

*George M. Seiders*, county attorney, for the state, cited: *State* v. *Ruby*, 68 Maine, 543 ; *State* v. *Burke*, 38 Maine, 574 ; *State* v. *Stimpson*, 45 Maine, 608 ; *Carlton* v. *Commonwealth*, 5 Met. 532 ; Whart. Cr. Law, § 414 and cases; 1 Bish. Cr. Pro. § 202 and cases ; *State* v. *Lang*, 63 Maine, 215 ; *Eaton* v. *Telegraph Co.* 68 Maine, 63 ; *State* v. *Pike*, 65 Maine, 111.

*Ardon W. Coombs*, for defendant.

It is an offence at common law for an owner of a building to knowingly let it with intent that it should be used by the tenant as a house of ill fame. *Com.* v. *Harrington*, 3 Pick. 28.

In other respects, the statute is additional to the common law, and like all criminal statutes, must receive a liberal construction in favor of the respondent. Bishop on Stat. Crimes, § § 155 & 193 ; *People* v. *Kelly*, 35 Barb. 444 ; *Dwelley* v. *Dwelley*, 46 Maine, 377.

All right of the landlord to occupation and control of demised premises is suspended during the term, and unless he has reserved the right to enter, he would have no right to do so. Taylor's Landlord and Tenant, § § 174-78 ; *Walker* v. *Hutton*, 10 M. & W. (Eng.) 249 ; *Barker* v. *Barker*, 3 C. & P. (Eng.) 557 ; *Neale* v. *Wyelie*, 3 B. & C. 533 ; *Shaw* v. *Cummisky*, 7 Pick. 76 ; *Parker* v. *Griswold*, 17 Conn. 288 ; 4 Am. Dec. 739 ; *Dixon* v. *Clow*, 24 Wend. 188 ; *Heermance* v. *Vernoy*, 6 Johns. 5 ; *Woodruff* v. *Adams*, 5 Blackf. (Ind.) 317 ; 35 Am. Dec. 122 ; *Dockham* v. *Parker*, 9 Mo. 137 ; *Turner* v. *McCarthy*, 4 E. D. Smith, (N. Y.) 247 ; *White* v. *Mealis*, 5 J. & S. (N. Y.) 72.

We take it to be well settled that a tenant — even a tenant at will — may maintain trespass *quare clausam fregit* against his landlord, for a forcible entry upon him before the tenancy is

terminated. WALTON, J., in *Marden* v. *Jordan*, 65 Maine, 10 ; *Brock* v. *Berry*, 31 Maine, 293 ; *Dickinson* v. *Goodspeed*, 8 Cush. 119 ; *Cunningham* v. *Horton*, 57 Maine, 420.

The landlord has a right to rent and to enter to receive or demand rent, &c., &c., but in other cases he must obtain consent of the tenant. *Proud* v. *Hollis*, 1 B. & C. 8 ; *Blake* v. *Jerome*, 14 Johnson, 406 ; *Dockham* v. *Parker*, 9 Maine, 137 ; *Lehman* v. *Shackleford*, 50 Ala. 337.

The landlord can not make alterations or repairs during the term without consent of the tenant, however beneficial such repairs would be to the latter. *Parker* v. *Griswold*, 17 Conn. 288 ; *Anonymous*, 42 Am. Dec. 739 ; *Brown* v. *Powell*, 25 Pa. St. 299 ; *Kaiser* v. *New Orleans*, 14 La. An. 178.

During the term, the tenant is invested with all the rights of an absolute owner, so far as the possession and use are concerned. *Day* v. *Swackhamer*, 2 Hill, (N. Y.) 4 ; *Willard* v. *Tillman*, 2 Hill, (N. Y.) 274 ; *Livingston* v. *Reynolds*, 2 Hill, 157 ; *Bradstreet* v. *Pratt*, 17 Wend. 44.

" Mere non-feasance on the part of the landlord can not involve him in the guilt of the tenant. To make him liable, he must aid, assist, or give his consent to the illegal use." *Com.* v. *Harrington*, 3 Pick. 26 ; *State* v. *Stafford*, 67 Maine, 126 ; *Jennings* v. *Com.* 17 Pick. 80 ; *Brockway* v. *People*, 2 Hill, 558 ; *People* v. *Erwin*, 4 Denio, 129 ; *State* v. *Abrahams*, 6 Iowa, 118. See *Trask* v. *Wheeler*, 7 Allen, 111.

See also *Healy* v. *Trant*, 15 Gray, 312 ; *O'Connell* v. *M'Grath*, 96 Mass. 289. "In *Healy* v. *Trant*, 15 Gray, 312, held : That illegal use by under tenant does not avoid original lease, but only the under lease."

Mere neglect of the landlord to avail himself of the privilege given by statute to eject a tenant, who uses the tenement for an illegal purpose, is not in itself sufficient to render him liable to indictment. Some evidence must be produced to show consent to such use. *State* v. *Stafford*, 67 Maine, 126 ; *Brockway* v. *People*, 2 Hill, 558 ; *People* v. *Erwin*, 4 Denio, 129. " Failure to take steps to prosecute does not make the landlord liable."

*State* v. *Abrahams*, 6 Iowa, 118 ; see *Machias Hotel Co.* v. *Fisher*, 56 Maine, 322.

The rule, as stated in the last words to the jury, dispensed with the requirement of permission which involves some act or word equivalent to consent. *State* v. *Stafford*, 67 Maine, 126.

The fact of her being landlord, receiving rent, and that she had power to expel the tenant, does not of itself make her liable.

To make her liable, it must be shown that she left it for the purpose, from which her consent would be implied, or she must afterward aid, assist, or give her consent to the illegal use. *Com.* v. *Harrington*, 3 Pick. 26 ; *Jennings* v. *Com.* 17 *Ib.* 80 ; *Brockway* v. *People*, 2 Hill, 558 ; *People* v. *Erwin*, 4 Denio, 129 ; *State* v. *Abrahams*, 6 Iowa, 118.

HASKELL, J. Indictment for aiding in the maintaining of a nuisance under R. S., c. 17, § 4, in that the respondent did permit a tenement under her control to be used as a house of ill fame, and for the illegal keeping and illegal sale of intoxicating liquors with her knowledge, permission, and consent.

To constitute an offense under the statute cited, it must appear that the tenement was either let for the illegal use, or that the illegal use was permitted.

It appeared that the respondent's tenants at will occupied the premises, and used them for the illegal purposes charged.

The respondent is not guilty of a violation of the statute, unless she permitted the use, that is, consented to it ; whether she did so consent is a fact to be determined by the jury.

One, who has authority to let a tenement and receive the rents, has control of it within the meaning of the statute ; and if he knowingly permits the illegal use, that is, consents to it, he becomes liable for aiding in maintaining a nuisance ; but the mere fact that he so has control of the tenement, does not make him liable ; he must be proved to consent to the illegal use ; and if such use is known to him, and he takes no measures to prevent it, his inaction may be evidence of his consent to such use, or that he permitted it ; but his permission of the use must be proved, to charge him under the statute ; and these same rules

apply to the owner, and the same facts must be proved in order to charge him. *State* v. *Stafford*, 67 Maine, 126.

The charge of the presiding justice touching the control of the tenement was in accord with this opinion. He expressly told the jury that the state must prove that the respondent " knowingly permitted it to be used as a nuisance." This instruction is an accurate statement of the law, and sufficient to inform the jury that the respondent could not be held, unless: they were satisfied affirmatively of her consent to the illegal use.

Separate offences of the same nature, charged in separate counts, may be included in the same indictment. *State* v. *Burke*, 38 Maine, 574; *State* v. *Ruby*, 68 Maine, 543.

Each count charges the repondent with aiding in maintaining a nuisance by permitting a tenement, controlled by her, to be used as a house of ill fame and for the illegal keeping and illegal sale of intoxicating liquors. The charge is for permitting the illegal use for two purposes, either of which is sufficient to create the offense. But one offense is charged in each count, and neither is defective. *State* v. *Lang*, 63 Maine, 215.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.