No. 23,029.

THE STATE OF KANSAS, *Appellee*, v. R. L. STEPHENS, *Defendant*, MELVILLE T. ROTHCHILD AND JOHN L. LITTLE, *Interpleaders, Appellants.*

### SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Transportation of Liquor in Automobile—Forfeiture of Automobile—Rights of Innocent Mortgagee.* Chapter 217 of the Session Laws of 1919, which declares that automobiles used in the unlawful transportation of intoxicating liquors are common nuisances and provides for their condemnation and forfeiture, is not susceptible of an interpretation that the interest of an innocent holder of a chattel mortgage on an automobile used in violation of the statute is to be preserved from such condemnation and forfeiture. The forfeiture of such interest is merely an incident to the proper and effective execution of the forfeiture declared by the statute.

2. SAME. Chapter 217 of the Session Laws of 1919 contains no constitutional infirmity because the interest of an innocent holder of a chattel mortgage on an automobile is not preserved from forfeiture when the automobile itself is adjudged to be a common nuisance and forfeited according to the statute, following *The State v. Peterson*, 107 Kan. 641, 193 Pac. 342, and *Grant Co. v. United States*, decided by the Supreme Court of the United States, January 17, 1921 (41 Sup. Ct. Rep. 189).

3. SAME.—*"One Isolated Instance of Violation of Statute"—No Exemption of Auto from Forfeiture.* The contention that the automobile was only used unlawfully in "one isolated instance of violation of the statute," is not sustained by the evidence; and even if so, no exemption from forfeiture on that account can be fairly discovered in the all-inclusive language of the statute declaring that an automobile thus unlawfully used for the transportation of intoxicating liquors is a common nuisance and subject to forfeiture.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed June 11, 1921. Affirmed.

*C. A. McNeill, Leo Armstrong,* both of Columbus, and *John W. Creekmur,* of Chicago, Ill., for the appellants.

*Richard J. Hopkins,* attorney-general, and *Don H. Elleman,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is taken by the holders of a chattel mortgage on an automobile which was condemned and forfeited as a nuisance under chapter 217 of the Session Laws of 1919.

The state charged the defendant Stephens with three offenses, (1) having intoxicating liquors in his possession unlawfully, (2) bringing intoxicating liquors into the state unlawfully, and (3) maintaining a nuisance in a Ford automobile, on a certain public highway in Cherokee county—

"Where intoxicating liquors, as a beverage, were and are sold, bartered and given away in violation of law, and where patrons were and are permitted to resort for the purpose of drinking intoxicating liquors, as a beverage, and where intoxicating liquors were and are kept for sale, barter and delivery in violation of law, . . . and that said automobile was and is used for transporting intoxicating liquors from without the state of Kansas, to within and into the state of Kansas, and for transporting intoxicating liquors from one place within the state of Kansas to another place within the state of Kansas, which said place . . . and said automobile, were and are a common nuisance."

The defendant was arrested and pleaded guilty on the first and third counts. The automobile was seized by the sheriff and the proper preliminary steps prescribed by the statute were taken to forfeit the automobile.

Within time, the appellants, Rothchild and Little, of Chicago, Ill., a firm which deals in chattel mortgages on automobiles, were permitted to interplead, claiming that they held a valid and duly recorded chattel mortgage on the automobile, and that they had neither knowledge nor notice that the automobile was being used or had been used for the unlawful transportation of liquors; and that the chattel mortgage by its terms provided that the mortgagor should not remove it from Tulsa county, Oklahoma, and that in case of such removal or if the mortgagee should "fear removal," the right of immediate possession of the automobile inured to the mortgagee, etc.

The evidence fully supported the claims of the interpleaders, but they did formally admit—

"That at the time the automobile in question was seized by the sheriff of Cherokee county, Kansas, that it was in possession of one R. L. Stephens, the defendant in this action and that it was being used by

him for the purpose of transporting intoxicating liquors from without the state of Kansas to within and into Cherokee county, Kansas."

The findings and judgment of the trial court (abridged) read:

"The court further finds that the interpleaders have a *bona fide* mortgage on said automobile in question as alleged in the interplea and that same was duly and legally filed and recorded as required by law, . . . and the court further finds that the above named interpleaders had no knowledge of the use of said automobile for such unlawful purpose, and the court further finds that said automobile was a common nuisance as defined by section 1 of chapter 217, Session Laws of the state of Kansas for the year 1919. It is therefore by the court considered, ordered and adjudged that said automobile in question be, and the same is hereby forfeited as a common nuisance," etc.

The interpleaders appeal, contending that the statute does not contemplate the forfeiture of the interest of an innocent chattel mortgagee, that if so construed the statute violates the fourteenth amendment, and that the court erred in finding that the automobile was a nuisance and in forfeiting it as such.

Touching these points in order, it would seem that there is scarcely room for two opinions touching the legislative intention. Section 1 of the statute (chapter 217, Laws of 1919) reads:

"All automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state or in carrying and transporting intoxicating liquors from one place to another within this state are hereby declared to be common nuisances."

Sections 2 and 3 of the act relate to the procedure for the seizure, notice, condemnation and forfeiture of automobiles (and other property) unlawfully used in violation of the intoxicating-liquor law. In part, section 3 also provides:

"At or before the time fixed by notice, any person claiming an interest in the vehicles, automobiles or other property seized, may file his answer in writing, setting up his claim thereto, and shall thereupon be admitted as a party defendant to the proceedings against such vehicles, automobiles or other property."

Section 4 provides:

"If the court shall find that such vehicles, automobiles or other property or any part thereof were at the time a common nuisance, as defined in section No. 1, it shall adjudge forfeited so much thereof as the court shall find was such common nuisance, and shall order the officer in whose custody it is to sell the same publicly, and said officer shall cause notice to

be given by publication for at least two weeks in the official county paper of the time and place of the sale of said property and shall file in said court his return showing the sale of said property and the amount received therefor and shall pay the same into court to await the order of the court. The court, if it approves such sale, shall declare forfeited the proceeds of said sale and shall order the money received for said property at said sale paid into the treasury of the county for the support of the common schools, after paying out of the proceeds of said sale the costs of the action, including costs of sale and the keeping and maintenance of said property."

The appellants cite decisions from other jurisdictions which seem to uphold their first contention—that the interest of an innocent holder of a chattel mortgage on property used in an unlawful way is to be protected from forfeiture. Doubtless those decisions are interpretations of the statutes with which they deal. But under our statute there is no room for such interpretation. Our statute says without qualification that automobiles used for the purpose of transporting intoxicants unlawfully are common nuisances and forfeitures shall be adjudged thereon. Such property, so used, is a nuisance. The forfeiting of the interest of a chattel-mortgage holder in property unlawfully used is merely one of the more or less regretable, but nevertheless necessary, results incidental to the proper execution of the judgment.

In *The State v. Peterson*, 107 Kan. 641, 193 Pac. 342, most of the questions so urgently presented here were considered by this court, and the contentions of appellants were not sustained. The court there held that the act did not show a legislative intention to exclude from forfeiture the interest of a chattel mortgagee of an automobile used in the unlawful transportation of intoxicating liquors. In the opinion it was said:

"Doubtless the legislature realized that any provision for the protection of a lien of a mortgagee would open the door to collusion and afford a ready means of evading the law. How readily such a provision might be used for defeating the purpose for which the law was enacted is apparent when we consider that any person desiring to engage in the illegal transportation of intoxicating liquors could, by placing an incumbrance upon an automobile, minimize the financial investment and hazard of the business." (p. 645.)

But it is urged that if this be the correct interpretation of the statute, the act is unconstitutional. The matter was fully considered in *The State v. Peterson*, supra, and it is needless

to extend this opinion by a rediscussion of the point. The court is still satisfied with its decision there made—that the act does not offend against the fourteenth amendment or any other constitutional principle. And since that decision, the supreme court of the United States, in *Grant Co. v. United States,* 41 Sup. Ct. Rep. 189, has authoritatively spoken to the same effect. In that case, an automobile had been used for the removal and concealment of intoxicating liquors in evasion of the Federal revenue laws. The Grant Company owned the automobile in question and sold it, retaining title for unpaid purchase money, to Thompson, a taxicab operator, and to Lamb, a newspaper man. Thompson used the car for the unlawful removal of the liquors. None of the other parties claiming an interest in the automobile knew or had reason to suspect that it would be illegally used. The Federal statute declared it to be unlawful to remove, deposit or conceal goods or commodities with intent to defraud the government of its taxes, and—

"All such goods and commodities . . . shall be forfeited; . . . and every . . . carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." (14 U. S. Stat. 151, ch. 184, § 14.)

The Grant Company contended on appeal that the act of congress violated the fifth amendment (which limits the power of the nation over persons and property substantially the same as the fourteenth amendment limits the power of the state). This contention was not sustained. The court, in part, said:

"It is the illegal use that is the material consideration, it is that which works the forfeiture, the guilt or innocence of its owner being accidental. If we should regard simply the adaptability of a particular form of property to an illegal purpose, we should have to ascribe facility to an automobile as an aid to the violation of the law. It is a 'thing' that can be used in the removal of 'goods and commodities,' and the law is explicit in its condemnation of such things." (p. 191.)

It is finally contended that the automobile was not a nuisance because it was only used unlawfully in "one isolated instance of violation of the statute." We find no evidence in the record to support that contention. The extent of its use was not the subject of judicial inquiry. The pertinent entry in the record recites that the interpleaders admitted that at the time it was

seized by the sheriff it was being used "for the purpose of transporting intoxicating liquors from without the state of Kansas to within and into Cherokee county, Kansas." In Stephens' application for a parole from the jail sentence, he made a self-serving statement to the trial judge that he had never violated the law before and never would violate it again, and that he was only carrying home from Joplin, Mo., to Tulsa, Okla., two pints of apricot brandy for his wife. But that statement or affidavit of Stephens in seeking a parole was not presented as evidence on the issue between the state and the interpleaders touching the unlawful use or the extent of the unlawful use of the automobile. Indeed, no such issue was raised in the trial court. Moreover, the all-inclusive language of the statute will not permit of an interpretation that an automobile is to be exempt from forfeiture when it has only been used unlawfully for the transportation of liquors on "one isolated instance of violation of the statute."

The record contains no error, and the judgment is affirmed.