No. 26,584.

THE STATE OF KANSAS, *Appellee*, v. (CLYDE BROWN) and STELLA VAN OSTER, *Appellant*.

#### SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Forfeiture of Transporting Automobile—Knowledge of Owner.* An automobile which the owner places in the possession of another for general use and such other uses it in the unlawful transportation of intoxicating liquors without the knowledge of the owner, is subject to forfeiture and condemnation under the statute relating to liquor nuisances, following *State v. Peterson,* 107 Kan. 641, and *State v. Stephens,* 109 Kan. 254.

2. SAME— *Evidence of Intoxicating Character — Competency.* Officers of experience who found the liquor transported and determined by the sense of smell and from its appearance that it was strong intoxicating liquor are qualified to testify that it was intoxicating, and no error was committed in the admission of such testimony.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed December 5, 1925. Affirmed.

*William H. Thompson* and *Wilbert F. Thompson,* both of Tulsa, Okla., for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Ray H. Calihan,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the validity of a judgment condemning and forfeiting an automobile found and declared to be a common nuisance. The grounds of forfeiture were that the automobile driven by one Clyde Brown had been used in transporting intoxicating liquors from one place to another within the state in violation of law. On one occasion when Brown was driving the car he was arrested on a charge that he was unlawfully in the possession of intoxicating liquors, and on another that he was unlawfully transporting intoxicating liquors in the car in question from one place to another within the state. At the time of the arrest the automobile was seized and the possession of the same was thereafter held by the sheriff. Stella Van Oster intervened and asked to be made a party to the proceeding against the automobile, and she alleged that she was the owner of the same, and that if Brown had been trans-

1. Intoxicating Liquors, 33 C. J. § 363.  2. Id., 33 C. J. § 528.

porting liquor in the car it was done without her knowledge or sanction. She further alleged that Brown did not have liquor in the car when it was seized by the sheriff, that none was found therein by the sheriff, and that the seizure and forfeiture of the car by him and the subsequent condemnation was without authority of law and a violation of the fourteenth amendment of the federal constitution.

The first contention of Mrs. Van Oster is that there was no proof offered to show that there was liquor in the car nor that the bottle of liquor which Brown is said to have thrown from the car just before his arrest was in fact intoxicating. There is testimony that the officers, acting upon the theory that he was transporting intoxicating liquors in the car, pursued and caught up with him, whereupon they forced the car he was driving into the curb and stopped him. An officer testified that after Brown was ordered to stop he was seen to throw a bottle from the car about fifteen steps from where he finally did stop, and that upon a search of the place the bottle was found, and that it contained strong intoxicating liquor. One of the officers testified that the grounds of their suspicion were that they had seen Brown stop at a place a short distance out of Garden City, and on visiting the place found a jug of booze there. Afterwards they pursued him and found no liquor in the car, but did find the bottle which he was seen to throw from the car about the time they caught up with him. That bottle contained about a pint of liquid, and upon examination the officers stated that it was intoxicating. While it was not tested by a chemist nor did the officers taste it, it was tested by their sense of smell, and from the odor and appearance they did not hesitate to testify that it was strong intoxicating liquor. The evidence was proper and sufficient to establish its quality, and besides, it appears that the bottle of liquor which Brown threw from the car just before his arrest was introduced in evidence.

In reference to the forfeiture of the car, it was shown to be the Dodge car involved in this proceeding, that it was purchased from Sheppard & Hedges by Mrs. Van Oster the previous year at a price of $950, and that amount was paid except the sum of $100. She testified that she left the car with the vendors for demonstration purposes upon an agreement that they might keep it in their garage, maintain and use it in their business, until they were satisfied that the value of such use amounted to $200, which sum was to be allowed by them to her. Clyde Brown was coöperating with Sheppard &

Hedges in the business of selling tractors and cars, and he used this car in the business frequently and so often that others thought it to be his own. While Mrs. Van Oster stated that she knew nothing of his use of the car on the day of the arrest, it appears that she saw him driving the car and knew that he used it in his business so many times that she could not state the number. Other testimony showed that Brown took and used the car at will, and was driving it on the streets almost continually, and some witnesses saw him drive it almost every day. Mrs. Van Oster knew, and in fact could not avoid knowing, that he was using the car in his business generally and almost continually. It was not an isolated instance of Brown taking and using the car on the day of his arrest without the knowledge of Mrs. Van Oster, but was a general use with the permission of the owner for a long period of time. We need not determine whether a forfeiture may be adjudged in supposed cases where cars are stolen or taken without any knowledge or permission of the owners. Here there was both knowledge and permission for general use, and the case falls within the rule of cases previously decided. In a case involving the forfeiture of a car in which intoxicating liquors were transported the holder of a mortgage on a car challenged the power of the court to condemn and order a sale of it on the ground that the mortgagee had a special ownership in it, and was innocent of its unlawful use. It was said:

"In our opinion it is a sufficient answer to these suggestions to say that it is within the police power of the state to provide for the forfeiture of property used in violation of a criminal statute, and to provide expressly that the rights of an owner or mortgagee, however innocent of the intent or purpose for which the property is to be used, shall be forfeited, and such a law is not open to the objection that it violates the fourteenth amendment by taking property without due process of law." (*State v. Peterson,* 107 Kan. 641, 645, 193 Pac. 342. See, also, *State v. Stephens,* 109 Kan. 254, 198 Pac. 1087; *State v. Robinson,* 118 Kan. 775; *Goldsmith-Grant Co. v. U. S.,* 254 United States 505; *H. A. White Auto Co. v. Collins,* 136 Ark. 81.)

The rule applicable to a guilty automobile in which an innocent third party has a special ownership is equally appropriate to an innocent owner who holds the entire interest in the automobile. We see no reason to depart from the rule announced in the earlier decisions nor to reopen the discussion of the principles applied.

The judgment is affirmed.

HOPKINS, J., not sitting.