No. 28,491.

THE STATE OF KANSAS, *Appellant*, v. J. BOUCHER, *Defendant* (UNION CREDIT CORPORATION, Claimant, *Appellee*).

(271 Pac. 278.)

Opinion filed November 3, 1928.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Caleb F. Bowron,* county attorney, for the appellant.

*W. E. Archer,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one to forfeit an automobile as a liquor nuisance. The court found the vehicle was a common nuisance, and ordered it sold, but ordered it sold subject to the chattel mortgage held by the Union Credit Corporation. The state appeals.

An information was filed charging Boucher with violation of the liquor law, and charging that the automobile had been unlawfully used for the purpose of transporting intoxicating liquor. Boucher was arrested, and gave bail for his appearance in the form of a deposit of $1,000 cash. When his case was called he did not appear, his bail was forfeited, and he has not since been apprehended. The case then came on for hearing as a proceeding against the automobile. The Union Credit Corporation appeared and claimed the automobile, as the holder of a mortgage to secure a sum of money, of which $329.70 remained due and unpaid. Under the terms of the mortgage the Union Credit Corporation was entitled to possession of the vehicle. The court found the automobile was a common

nuisance, and ordered it sold. The court further found the intervener had no notice of Boucher's unlawful use of the automobile, found the amount due the intervener, and ordered the sale to be made subject to the intervener's mortgage.

The Union Credit Corporation has filed no brief on the merits. The statute contains no provision saving the rights of innocent mortgagees in proceedings to forfeit vehicles under the liquor law, and the court erred in ordering that the condemned vehicle be sold subject to the Union Credit Corporation's mortgage. (*State v. Peterson,* 107 Kan. 641, 193 Pac. 342; *State v. Stephens,* 109 Kan. 254, 198 Pac. 1087; *State v. Brown,* 119 Kan. 874, 241 Pac. 112, affirmed by the supreme court of the United States in *Van Oster v. Kansas,* 272 U. S. 465; *State v. Morris,* 124 Kan. 143, 257 Pac. 731.)

A recent decision of the supreme court of Massachusetts, in accord with the decisions of this court, is instructive. (*Commonwealth v. Certain Motor Vehicle,* [Mass.] 159 N. E. 613.)

The cases of *Commercial Credit Co. v. U. S.,* 276 U. S. 226, and *Port Gardner Co. v. United States,* 272 U. S. 564, have no application to the present controversy. They were decided under federal law, and the character of the decisions is indicated by the headnote to the report of the decision in the Commercial Credit Company case:

"Where a person discovered in the act of unlawfully transporting intoxicating liquor in a vehicle is proceeded against as prescribed by section 26 of the prohibition act, and convicted of the unlawful possession incident to the transportation, the vehicle must be disposed of under that section also, which provides protection for the interests of innocent owners or lienors, and not under Rev. Stats. § 3450, which does not provide such protection." (276 U. S. 226.)

The United Credit Corporation has filed a motion to dismiss the appeal. It is said the record does not show that Boucher has had a trial, or that any judgment has been rendered against him, and that no formal judgment has been rendered against Boucher which can be certified to this court. The vehicle was a common nuisance, and was seized as such. The notice which was given pursuant to R. S. 21-2164 was notice to Boucher as well as to all other persons claiming an interest in the vehicle, and the judgment of forfeiture is a judgment against him. The status and outcome of the criminal case against Boucher are of no consequence in this proceeding. The vehicle could be proceeded against even though Boucher was not

arrested (R. S. 21-2164), and even though he was acquitted of the criminal offense. (*State v. Powell*, 120 Kan. 731, 244 Pac. 1053.)

It is said the record does not show the Union Credit Corporation was a party to the action. The action was commenced by information charging Boucher used the vehicle as a common nuisance, and by issuance of a warrant for Boucher's arrest and for seizure of the vehicle. The state's remedy then took two forms, one a criminal proceeding to punish Boucher, and the other a civil proceeding to abate the nuisance. The title of the action remained the same (R. S. 60-738). The Union Credit Corporation became a party to the civil feature of the case by appearing and filing an answer, in which it claimed the vehicle under its mortgage. While the Union Credit Corporation called its pleading a motion, the pleading was in fact an answer, under R. S. 21-2164. The name given the pleading is not important.

It is said the state reserved no question to be considered on appeal, as provided by R. S. 62-1703. The court has repeatedly held, in cases like this one, that the proceeding against the vehicle is a civil proceeding, and in civil proceedings reservation is not essential.

The motion to dismiss the appeal is denied. The case is remanded to the district court with direction to modify its judgment by striking out of finding 8 and the order of sale the reservations making the sale subject to the mortgage of the Union Credit Corporation. As modified, the judgment is affirmed.