No. 30,085.

THE STATE OF KANSAS, *Appellee*, v. VINCENT ECCLESTON and ONE FORD SPORT COUPÉ, Motor Number A-3470825 (ATLAS ACCEPTANCE CORPORATION, *Appellant*).

(299 Pac. 646.)

Opinion filed June 6, 1931.

*Edward M. Tracewell,* of Kansas City, Mo., for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. G. Logan,* county attorney, and *Frank E. Miller,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment forfeiting an automobile as a nuisance because it had been devoted to the business of transporting intoxicating liquors.

On November 6, 1930, the car was discovered on a busy street in Topeka. It was "double parked" in a way which prevented other parked cars from backing away from the curb. This attracted the attention of a traffic policeman, who took the car to the police station. A newspaper in the car contained the address of Vincent Eccleston, a resident of Kansas City, Mo. The same day Eccleston reported the car to the police department of his home town as being stolen. Although notified of the proceedings to forfeit the car, Eccleston did not venture into this jurisdiction to claim it.

The appellant filed an answer in the proceedings, setting up a chattel mortgage which covered the car executed by Vincent Eccleston, and alleged that he had purchased the car on the installment plan from a Topeka car dealer.

Judgment of forfeiture was decreed against the automobile, and the chattel mortgagee appeals.

1. The first contention is that the state waived its right to confiscate because the information contained a typographical error in the number of the motor of the car. The car was described thus:

"One Ford coupé, motor number A-347085 with Missouri license number 643-177."

The correct number of the motor was A-3470825, and at the trial the state was permitted to amend the information in that particular.

The statute, R. S. 21-2162 to 21-2167, inclusive, does not require the stating of the motor number of an automobile subjected to forfeiture proceedings. On the contrary it says:

"In said complaint or information it shall not be necessary to accurately describe the automobile, vehicle or other property so used, but only such description shall be necessary as will enable the officer executing the warrant to identify it properly." (R. S. 21-2163.)

2. The next contention is that the liquors found in the automobile were not shown to be intoxicating. A witness for the state testified that in the rumble seat of the car were three grips, two hand satchels and one portfolio. In these were bottles and cans of alcohol and whisky. On cross-examination the witness, a policeman, was asked about his familiarity with such beverages and he said he could identify whisky by its smell. This was sufficient. (*State v. Brown*, 119 Kan. 874, 241 Pac. 112.)

3. The next point urged is that the state had adduced no proof that the car *was not stolen* in Kansas City, Mo., on the day it was found on the street in Topeka. The state had no such burden. When it had shown that it was being used in transporting liquors its case against the automobile was complete. The fact, or pretense, that the car had been stolen from its owner in Missouri would not necessarily exempt it from confiscation. (*State v. Stephens*, 109 Kan. 254, 198 Pac. 1087; *State v. Morris*, 124 Kan. 143, 257 Pac. 731; *State v. Boucher*, 126 Kan. 796, 271 Pac. 278; *Commonwealth v. Certain Motor Vehicle*, 261 Mass. 504; and see Anno.—Property Used in Violating Liquor Law, 47 A. L. R. 1055.) Moreover, the statutory notice was given to the owner and all others concerned to show cause why the automobile should not be adjudged forfeited, and the owner did not appear. This appellant, who did appear, claimed a special ownership of the car by virtue of a chattel mortgage, but it is settled law that the claim of a mortgagee of an automobile put to illegal use will not prevent its forfeiture under the statute. (*State v. Stephens*, supra; *State v. Morris*, supra.)

It is finally contended that the state did not show by competent evidence that the car belonged to Vincent Eccleston as charged in the information. We think it did. Moreover, proof of that fact was not necessary to the state's case; and furthermore, if Eccleston was not the owner of the car, this appellant, whose only claim to it is based on the chattel mortgage executed by him, has no concern with this lawsuit.

The record contains no error. and the judgment is affirmed.