No. 30,018.

THE STATE OF KANSAS, *Appellee*, v. DANIEL YOUNG, *Appellant*.

(3 P. 2d 653.)

Opinion filed October 15, 1931.

*Hugh C. Larimer,* of Topeka, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. Glenn Logan,* county attorney, and *Frank E. Miller,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted as a persistent violator of the prohibitory law on separate counts of possession and transportation of intoxicants. He appeals, presenting two questions, which challenge the sufficiency of the information and of the evidence.

Touching the first of these, it is urged that the second count did not charge a felony because of the want of an allegation that prior to the commission of the offense for which he was being prosecuted he had theretofore been duly convicted of an offense against the prohibitory law. But in the counter abstract supplied by the state the information is set out in full and it contains no such defect as that suggested by counsel for defendant.

As regards the sufficiency of the evidence, it was fairly shown that while defendant was driving his automobile in a Topeka locality known as the "bottoms" he was pursued by two deputy sheriffs, and on hearing their siren he increased his speed and threw out of his car a gallon jug which broke and its contents were spilled on the railway track, but enough of the contents was found in a piece of the jug to show that it was whisky. Counsel for defendant has a talking point based on the fact that the deputy sheriffs captured defendant and took him to jail before they went back to the place where the jug was broken, and because the contents of the broken

jug were not chemically analyzed. Witnesses for the state testified that the broken pieces of the jug were still wet with the liquid which it had contained, and from its smell they identified it as whisky. That fact, with the attendant circumstances, was sufficient to take the case to the jury. (*State v. Brown,* 119 Kan. 874, 241 Pac. 112; *State v. Eccleston,* ante, pp. 354, 356, 299 Pac. 646.)

The judgment is affirmed.