No. 30,887.

THE STATE OF KANSAS, *Appellee*, v. THE UNIVERSAL FINANCE
CORPORATION, *Appellant*.

(16 P. 2d 466.)

Opinion filed
December 10, 1932.

*E. F. Beckner,* of Colby, *C. A. Spencer* and *J. H. Jenson,* both of Oakley,
for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-
general, and *Guido E. Smith,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment forfeiting an
automobile which had been used in the unlawful transportation of
intoxicating liquor.

It appears that on January 14, 1931, one J. H. Starnes, of Colby,
a dealer in automobiles, sold the vehicle in question to H. J. Bank-
son, who gave his note and a chattel mortgage on the automobile to
secure the purchase price of $615.96, which was to be paid in monthly
installments.

On the same day Starnes assigned the note to the appellant *with*
*recourse.* Appended to this assignment Starnes executed a written
guaranty of payment of the note. He also assigned to appellant the
chattel mortgage.

Bankson, purchaser and mortgagor, made one payment of $51.33
on the note and mortgage and no more. Starnes therefore took
possession of the mortgaged automobile to protect himself on his
assignment and guaranty, and later sold it to one Jim Townsend.

On May 1, 1931, Townsend used the automobile in the unlawful
transportation of intoxicating liquors, for which offense he was
arrested, prosecuted and pleaded guilty.

On May 7, 1931, this proceeding was begun to forfeit the auto-

mobile as a nuisance. Appellant filed an interplea reciting the sale of the car by Starnes to Bankson, the assignment of the note and mortgage to appellant, and the timely registration of the chattel mortgage. The interpleader further alleged that the taking of the automobile from the possession of Bankson was without right or authority, and its later sale to Townsend was likewise without right or authority; and that it was not lawfully in Townsend's possession on the 1st of May, 1931, when it was put to the unlawful use complained of. It alleged—

"That this interpleader never knew that said automobile was not in the possession of said H. J. Bankson, the original purchaser thereof, until after the same had been seized by the plaintiff, its said officers and agents."

The interpleader prayed for possession of the automobile and for foreclosure of its mortgage.

At the trial it was shown that three men parked the automobile on a Colby street. When they got out of the car the undersheriff observed that one of them was drunk, so he was placed in jail, and a search of the car disclosed several gallons of liquor.

Cotterell, a functionary of the interpleading corporation, testified that he had charge of appellant's branch office at North Platte, Neb., and had charge of all its western business, and that he knew Bankson, maker of the note and mortgage, at the time the automobile was sold to him.

"THE COURT: Where does Mr. Bankson live?

"[COUNSEL FOR APPELLANT]: We don't know, your honor. He has seemingly disappeared.

"Q. And did you know him at the time this car was sold to him? A. Yes, sir.

"Q. Did you ever authorize Mr. Starnes or anyone else to repossess this automobile from Bankson? A. No, sir.

"Q. When was the first time you ever knew, Mr. Cotterell, that this car had been repossessed or resold to anyone else? A. I will probably have to answer as two questions. I think it was along about the middle of April some time we found that Starnes had taken it from Mr. Bankson unbeknownst to us without our authority."

The note and mortgage executed by Bankson and assigned by Starnes to appellant were offered in evidence. The mortgage contained these recitals:

"(a) If any installment of said note is not paid at the time or place specified therein; . . . (e) . . . Then, in any such case, mortgagee may declare the entire balance due and payable forthwith, and it shall be lawful for mortgagee in person or by agent to take immediate possession of said motor vehicle, wherever found. . . . If purchaser resides in . . . (d) Kansas, . . . vehicle may be sold where it is found or where purchaser resides, upon a ten-day notice posted in four public places."

The trial court found the issues in favor of the state, and judgment was entered accordingly.

The interpleader appeals, its contention being that the repossession of the automobile by Starnes and its resale to Townsend were illegal, that Townsend's possession of it was also illegal, and that appellant's interest in the property under its chattel mortgage should not be forfeited under the circumstances.

Counsel for appellant cite the case of *State v. Brown,* 119 Kan. 874, 241 Pac. 112, in which this court left open the legal question whether forfeiture may be adjudged in supposed cases where automobiles are stolen or taken without any knowledge or permission of the owner. As we read this record that precise question is not presented here. The trial court disposed of this case on the evidence, which included the circumstances. When the state had proved the unlawful transportation of liquors in this automobile, its *prima facie* case was established. (*State v. Eccleston,* 133 Kan. 354, 299 Pac. 646.) The statute says:

"All automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state, or in carrying and transporting intoxicating liquors from one place to another within this state, are hereby declared to be common nuisances." (R. S. 21-2162.)

The burden then shifted to the interpleader to show why the statutory rule did not apply. This it could not do by merely standing on the proposition that Starnes had no legal right to repossess himself of the car and sell it to Townsend, when Cotterell, the officer of the appellant whose peculiar duty it was to look after its chattel securities in northwest Kansas, knew two weeks before its seizure that this automobile had been repossessed and sold to another purchaser. It was therefore apparent to the trial court that appellant was quite content with the action taken by Starnes; and that conclusion is strengthened by the character of the assignment and guaranty given by Starnes to the appellant as well as by the familiar business methods of the automobile trade. Either Starnes was

acting within his rights in taking the car from Bankson and selling it to Townsend, or appellant knowingly acquiesced in what he did.

The judgment is affirmed.