PEOPLE, *ex rel.* WAYNE PROSECUTING ATTORNEY, *v.* BITONTI.

NUISANCE—SINGLE USE OF AUTOMOBILES INCIDENT TO GAMBLING—EQUALLY DIVIDED COURT.

Decree abating nuisance and ordering sale of automobile used by defendant owner's friend in transporting mutuel betting tickets is affirmed, the court being equally divided as to whether proof of a single use of the car for such prohibited purpose was sufficient to constitute a nuisance (2 Comp. Laws 1929, § 9093 *et seq.;* Act No. 328, § 306, Pub. Acts 1931).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 13, 1943. (Docket No. 59, Calendar No. 42,359.) Decided June 30, 1943.

Bill by People of the State of Michigan, on relation of William E. Dowling, Prosecuting Attorney of Wayne County, against John Bitonti to abate a nuisance and sell chattels. Decree for plaintiff. Defendant appeals. Affirmed by an equally divided court.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Harold Helper,* Assistant Prosecuting Attorney, for plaintiff.

*David I. Hubar (Milton M. Maddin,* of counsel), for defendant.

CHANDLER, J. (*for reversal*). On September 14, 1942, defendant, the owner of a 1941 Ford automobile, loaned said vehicle to a friend, one Benny Kuznicki. While using the car, Kuznicki was stopped by the police for a traffic violation. At this time, the officers noted a quantity of mutuel betting tickets on the seat beside him and some protruding from his shirt pocket. He was arrested for and pleaded guilty to possession of the tickets in violation of the statute. See Act No. 328, § 306, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-306, Stat. Ann. § 28.538). The record also shows that on September 17, 1942, he was arrested again for the same offense, but not while using defendant's car, and pleaded guilty to the charge.

On October 14, 1942, the prosecuting attorney filed the bill of complaint herein pursuant to the provisions of Act No. 389, Pub. Acts 1925 (2 Comp. Laws 1929, § 9093 *et seq.* [Stat. Ann. § 18.901 *et seq.*]).

The trial court entered a decree ordering a sale of the automobile in accordance with section 12 of

the act (2 Comp. Laws 1929, § 9104 [Stat. Ann. § 18.912]), and defendant appeals therefrom.

Section 1 of the act provides:

"Any building, vehicle or place used for the purpose of lewdness, assignation, or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons, or used for the unlawful manufacture, storing, possessing, transporting, sale, keeping for sale, giving away, bartering, furnishing or otherwise disposing of any vinous, malt, brewed, fermented, spirituous or intoxicating liquors or any mixed liquors or beverages, any part of which is intoxicating is hereby declared a nuisance and the furniture, fixtures and contents of any such building, vehicle or place, and all such intoxicating liquors therein are also declared a nuisance, and all such nuisances shall be enjoined and abated as hereinafter provided. Any person, or his servant, agent or employee who shall own, lease, conduct or maintain any building, vehicle or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance."

Defendant claims that the provision does not authorize the confiscation of a motor vehicle under the circumstances of this case, and argues that the statute, enacted when the transportation of intoxicating liquor was illegal, was intended to be applicable to motor vehicles only in such instances.

Reduced to simplicity as far as this case is concerned, it is provided, that,

"Any * * * vehicle * * * used for the purpose of * * * gambling, or used by * * *. disorderly persons * * * is hereby declared a nuisance and * * * shall be enjoined and abated as hereinafter provided. Any

person * * * who shall own, lease, conduct or maintain any * * * vehicle * * * used for any of the purposes or by any of the persons above set forth * * * is guilty of a nuisance.''

As to the method of conducting this particular type of gambling, the evidence supports the following finding of the trial court:

"The particular gaming method disclosed by the proof did not involve a simple momentary procedure; it was complicated and protracted. Gambling solicitors visited a large number of places where patrons wrote out their wagers on slips of paper. This was accomplished in barber shops, restaurants, bars, gas stations and other business establishments throughout the city. These memoranda were collected by automobile and transported sometimes directly and sometimes indirectly to the headquarters of the gambling syndicate. At a given hour later in the day the winners were determined, the cash was placed in pay-off envelopes and again by automobile distributed to the various winners. It is apparent that the use of automobiles was an indispensable part in the consummation of the gambling transaction.''

The statute is clear and unambiguous. It is aimed, among other things, at the use of a motor vehicle for gambling purposes, and is not to be restricted in its application as defendant would have it. Kuznicki was apprehended with a large number of the tickets in his possession while operating the automobile. While the charge against him was possession of the tickets, rather than engaging in the gambling operation, the facts support the reasonable inference that he was engaged in the pursuit of the illegal business at that time, and that the car was then being used in the furtherance of such illegality. This use was as clearly for gambling purposes as

though the car had been parked in a fixed location and a gambling device operated therein.

It can further be said concerning the applicability of the statute that the enactment is also pointed at the operation of a motor vehicle by a disorderly person. As the facts support the inference that Kuznicki was engaged in an illegal operation or business, he was a disorderly person (see Act No. 328, § 167, Pub. Acts 1931, as amended by Act No. 84, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 17115-167, Stat. Ann. 1942 Cum. Supp. § 28.364]), and such use was also within the prohibition of the statute.

The bill of complaint alleged that defendant knowingly permitted the use of the vehicle for gambling purposes, and defendant complains because the proofs did not show knowledge by him of such use. Section 9 of the act (2 Comp. Laws 1929, § 9101 [Stat. Ann. § 18.909]) obviates the necessity of such proof. Failure of the evidence to support a superfluous allegation was not fatal to plaintiff's case.

Defendant also claims that proof of a single instance of a prohibited use was not sufficient to justify a finding that the vehicle was a nuisance. With this position, we agree. A nuisance involves the idea of repetition or continuity, and is not to be predicated upon proof of a single isolated prohibited act. See 46 C. J. p. 679; 39 Am. Jur. p. 303; *Webb* v. *United States* (C. C. A.), 14 Fed. (2d) 574 (49 A. L. R. 612). True, in some cases, a nuisance use of premises has been found, such as liquor law violations, where a single sale was involved, yet, in these cases, other facts were present from which it could be reasonably inferred that the unlawful act was habitual in nature. Here, no other facts are present from which it can be inferred that the vehicle was used for gambling as a common practice.

We have but a single violation which, standing alone, we hold to be insufficient as a foundation for declaring the existence of a nuisance.

The decree should be reversed and one should be entered in accordance herewith. No costs should be allowed.

WIEST and SHARPE, JJ., concurred with CHANDLER, J.

BOYLES, C. J. (*for reversal*), I concur in reversal, without expressing the opinion that proof of a single violation would be insufficient to establish the existence of a nuisance under all circumstances. The single use of an automobile to transport material used for gambling purposes, on one occasion only, without other testimony, does not establish nuisance. However, see *State, ex rel. Attorney General,* v. *Robinson,* 250 Mich. 99.

BUSHNELL, J. (*for affirmance*). I cannot agree with defendant's position ''that proof of a single instance of a prohibited use was not sufficient to justify a finding that the vehicle was a nuisance.''

I feel that the conclusion reached by Mr. Justice CHANDLER has the effect of nullifying a proper legislative enactment which, as stated in his opinion, ''is clear and unambiguous.''

It should be remembered that we are reviewing a decree in chancery and this is a hearing *de novo.* Defendant was content to answer the bill of complaint and appear in court by his counsel without offering any testimony whatever in support of his denial that ''he had any knowledge of any illegal use or unlawful purpose for which the said motor vehicle was being used,'' and his further denial that the vehicle ''became a nuisance under the act.''

The statute under consideration, as pointed out by Mr. Justice Chandler, obviates the necessity of proof of knowledge, in section 9 thereof (2 Comp. Laws 1929, § 9101 [Stat. Ann. § 18.909]), and was invoked by the people as an aid to the suppression of gambling. It (Act No. 389, Pub. Acts 1925 [2 Comp. Laws 1929, § 9093 *et seq.* (Stat. Ann. § 18.901 *et seq.*)]) has been passed upon in a number of cases.

In *People, ex rel. Attorney General,* v. *Holschuh,* 235 Mich. 272, the court, speaking through Mr. Justice Wiest, discussed the manner in which the statute should be applied:

"Was the court bound, regardless of circumstances appealing to conscience, to order the premises locked for one year, and to decree that the furniture, regardless of whether connected with violation of the law, be seized and sold? Consideration of some fundamental principles relative to the powers of government will aid greatly in determining the issues before us. Intoxicating liquors are outlawed, traffic therein prohibited, possession thereof proscribed, sales or gifts thereof penalized, and no one, rich or poor, high or low, saint or sinner, may defy the law. The law, however, must observe constitutional limitations; but within such limitations the legislative power may command, the executive power must enforce, and the judicial power respond. The full power of the State may be summoned in aid of enforcement of the law, and to this end the criminal law may punish and the civil law lend its coercive power to prevent violations. In aid of enforcement of the prohibition law the legislature has invoked the aid of the court of equity, its processes and power of restraint, but has attempted to direct by mandate restrictions upon judicial action and commands of particular action wholly inconsistent with the inherent powers of the court. The

inherent powers of the court of equity are safeguarded by the Constitution and are not subject to be brushed aside or rendered supine by legislative mandate. As an equal and co-ordinate branch of the government the judicial power must be permitted to function within its allotted sphere free from mandate of the legislative and executive powers, else be shorn at the will of mere equals. This is said to mark judicial independence, without which a constitutional court might be but an appanage of the legislative power, and not to sense a spirit of strife or lack of co-ordination between the powers. The court will enforce valid legislation and its powers will respond thereto, but when legislation seeks to control judicial action to the extent of dictating the substance of decrees and forbidding any lesser degree of restraint, regardless of equity and justice, there is a departure from legislative power and an unwarranted interference with judicial power."

Thus circumscribed in its application, the act has been used effectively for its purpose, namely, the abatement of nuisances and the forfeiture of property in certain cases.

In *State, ex rel. Attorney General,* v. *Robinson,* 250 Mich. 99, the court pointed out that it was not necessary to find a "nuisance use of the place at the time of the hearing or a continuing nuisance at the time the bill was filed," provided it was filed within 30 days after a violation.

The act unequivocally provides that any vehicle used for gambling is a nuisance, and when called upon to construe a statute similar to our own, the Kansas court in *State* v. *Stephens,* 109 Kan. 254 (198 Pac. 1087), approved the abatement of such a nuisance and held that proof of only one isolated instance of violation of the statute was sufficient.

The trial judge in the instant case had no difficulty in determining from the proofs that gambling paraphernalia was found in a car being driven by a disorderly person in the illegal occupation of gambling, and stated that the driver's plea of guilty to a violation foreclosed discussion on this point. The court refused to adopt any specious interpretation of the words of the statute and pointed out that the particular gaming method disclosed by the proofs was complicated and protracted, and that the use of an automobile was an indispensable part in the consummation of the gambling transaction. The trial judge said:

"It would be a plain distortion of the clear meaning of this statute which specifically uses the word 'vehicle,' to hold that the legislature did not intend an automobile used as in this case, in the direct furtherance of a gaming transaction, to be subject to the provisions of the act."

Consideration of the trial judge's opinion discloses that, although he did not cite *People, ex rel. Attorney General,* v. *Holschuh, supra,* he was mindful of, and acted within, the limitations imposed in that case.

The decree abating the nuisance and ordering the sale of the vehicle is affirmed, with costs to appellee.

NORTH, STARR, and BUTZEL, JJ., concurred with BUSHNELL, J.