STATE *ex rel* OAKLAND COUNTY PROSECUTOR v MOTORAMA
MOTEL CORPORATION

Docket No. 50102. Submitted October 21, 1980, at Detroit.—Decided
April 8, 1981.

The State of Michigan, on the relation of the Oakland County
Prosecuting Attorney, brought an action to abate a nuisance
under the "red light abatement act" against the Motorama
Motel Corporation and Calvin T. Geeham, owners of the Eight-
Wood Motel, alleging that it was "being used for the purpose of
lewdness, assignation of prostitution, or used by, or kept for the
use of prostitutes or other disorderly persons". The complaint
alleged that an undercover police officer was accosted and
solicited at the Last Chance Bar across the street from the
motel by an unknown white female who then took him to the
motel. The officer's affidavit, incorporated in the complaint,
stated that numerous arrests of females engaging in prostitu-
tion and accosting and soliciting have been made at the Last
Chance Bar. The Oakland Circuit Court, James S. Thorburn, J.,
granted summary judgment for defendants, holding that the
complaint was insufficient for failure to name the female and
for failure to allege scienter on the part of the defendants and
that the general conclusion that the premises were used for
purposes of lewdness or assignation did not flow from a factual
pleading of a single incident. The state appeals. *Held:*

1. Abatement under the "red light abatement statute" re-
quires proof of knowledge of the objectionable activity on the
part of the owners or operators.

2. Abatement of a nuisance should not be granted based upon
proof of a single incident unless the facts permit a reasonable
inference that the prohibited conduct was habitual.

Affirmed.

1. NUISANCE — ABATEMENT — KNOWLEDGE — STATUTES.

Any statute which allows punishment of a person by padlocking
his business as a nuisance for an act without requiring proof of

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Nuisances §§ 49, 195.
[2] 58 Am Jur 2d, Nuisances § 190.

his participation, acquiescence, or knowledge is objectionable, and, where the case law on the element of knowledge is conflicting, the cases requiring proof of knowledge will be followed by the Court of Appeals (MCL 600.3801, 600.3815; MSA 27A.3801, 27A.3815).

2. NUISANCE — SUMMARY JUDGMENT.

A trial court in a nuisance abatement proceeding did not err in granting summary judgment for the defendant where the complaint alleged only a single instance of illegal conduct at the premises, and the incident did not justify an inference that the prohibited conduct was habitual.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for plaintiff.

*Raymond, Rupp & Weinberg, P.C.* (by *Thomas G. Plunkett),* for defendants.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

D. L. SULLIVAN, J. Plaintiff commenced this action on August 9, 1979, alleging that the Eight-Wood Motel was a nuisance pursuant to MCL 600.3801; MSA 27A.3801, in that it was "being used for the purpose of lewdness, assignation or prostitution, or used by, or kept for the use of prostitutes or other disorderly persons". On December 20, 1979, defendants were granted summary judgment pursuant to GCR 1963, 117.2(1). Plaintiff appeals as of right.

The complaint alleged that undercover Police Officer Patrick C. Cooper was accosted and solicited at the Last Chance Bar across the street from the motel by an unknown white female who then took him to the motel. Cooper's affidavit, incorpo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rated in the complaint, stated that numerous arrests of females engaging in prostitution and accosting and soliciting have been made at the Last Chance Bar.

The reasoning behind the summary judgment was threefold. Initially, the court held that the complaint was not sufficiently specific since the female who accosted Officer Cooper was unnamed. The court also held insufficient the complaint's general conclusion that the premises were used for the purpose of lewdness and assignation, noting that only a single incident had been factually pled. Finally, the court held that the complaint failed to state a cause of action by failing to allege scienter on the part of the defendants.

A motion for summary judgment based on a failure to state a claim upon which relief may be granted, GCR 1963, 117.2(1), is to be tested by the pleadings alone, and all well-pleaded material allegations must be taken as true. *NAG Enterprises, Inc v All State Industries, Inc,* 85 Mich App 194, 197-198; 270 NW2d 738 (1978). The standard is whether the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979).

Plaintiff's complaint failed to assert that defendants, as owners of the Eight-Wood Motel, had any knowledge of, acquiesced in, or consented to the operation of the alleged nuisance. For this reason we conclude that the complaint was fatally defective and affirm the summary judgment.

MCL 600.3815; MSA 27A.3815 makes unnecessary in nuisance abatement proceedings proof of a defendant's knowledge of the existence of a nuisance. The precursor to the present act contained an identical provision. 1925 PA 389, §§ 1, 9.

Nonetheless, subsequent to the passage of 1925 PA 389, the Supreme Court held that such knowledge, acquiescence or consent of the owner or operator of the premises must be established in order for the premises to be subject to closing under the padlock statute. *People v Schoonmaker,* 241 Mich 177, 181; 216 NW 456 (1927).

In *Schoonmaker,* the defendant owners and operators of a summer resort used one of their buildings as a dance hall. A nuisance complaint was filed, charging that gambling devices were kept on the premises, that the premises were used by disorderly persons and that dance patrons had illegally possessed intoxicating liquors. After an extensive examination of the proofs, the Court reversed the lower court's ruling that the building was a nuisance, concluding that the owners had not connived or participated in the illegal conduct but had attempted to prevent it. The Court wrote:

"The proofs may be said to show illegal acts by some persons attending the dances, but that is not enough. Defendants did not maintain a nuisance unless they permitted such illegal use of the premises; that is, consented to it or acquiesced, and whether they did so was a question of fact, not established by efforts to prevent misuse of the premises but only by some evidence disclosing permissive use. See *State v Frazier,* 79 Me 95 (8 Atl 347).

"It seems to us that the statute denounces a place where persons are permitted, either expressly or impliedly, or by connivance, such as furnishing aid or accessories to resort there for the purposes of drinking intoxicating liquors. Such seems to be the holdings under the Federal act, and an extended search discloses no adjudication supporting the decision herein in the circuit. This statute is salutary if kept to its purpose. One inviting the public to his place for commercial purposes must take care not to invite or acquiesce in

transgressions of the law. That transgressions may happen is possible, but remain offenses of the wrongdoer unless tolerated by the occupant to the extent of permissive use of the premises for such purpose or indifference thereto. The statute does not deprive one person of the use of his property by reason of the illegal acts of another, unless the owner's use bears a participating relation to the violation." 241 Mich 177, 181.

Subsequent decisions have ignored *Schoonmaker* and simply asserted that the statute obviates the need for a prosecutor to establish knowledge, acquiescence or consent. *People ex rel Wayne Prosecuting Attorney v Bitonti,* 306 Mich 115, 119; 10 NW2d 329 (1943), *People ex rel Wayne Prosecuting Attorney v Tate,* 306 Mich 667, 669; 11 NW2d 282 (1943), *State ex rel Attorney General v Robinson,* 250 Mich 99, 103; 229 NW 403 (1930). However, *Schoonmaker* has never been expressly overruled by the Supreme Court, so we are persuaded to agree with the analysis of *State ex rel Wayne Prosecuting Attorney v Weitzman,* 21 Mich App 705; 176 NW2d 463 (1970).

"We are admittedly perplexed by the apparent inconsistencies of *Schoonmaker* and the later decided cases, but we find that until some authoritative ruling is made in this area, we shall use the holding espoused in *Schoonmaker.* It is apparent that if we are to accept the almost negligible evidence presented at this trial and deprive the defendant of his livelihood, then nearly every motel, hotel, and lounge is subject to this same inappropriate deprivation. It is reasoned that any statute which punishes another by padlocking his business for an act, of which no offer of proof is made, and of which there is disavowal, of any participation, acquiescence or knowledge, imputed or otherwise, is objectionable to this Court." 21 Mich App 705, 711. But *cf. State ex rel Oakland Prosecuting Attorney v Weaver,* 74 Mich App 462, 463-464; 254 NW2d 68 (1977).

The *Weitzman* decision is supported by recent dictum in *State ex rel Wayne County Prosecuting Attorney v Levenburg,* 406 Mich 455; 280 NW2d 810 (1979). The Court stated:

"We note that leave was granted in these cases for the limited purpose of deciding this issue. However, we acknowledge that a judgment for abatement in a prosecution of this nature *cannot* be rendered *without* a finding of knowledge of the accosting and soliciting on the part of the owners or operators of the place found to be a nuisance and their acquiescence in those activities." (Emphasis added.) 406 Mich 455, 462, fn 1.

Although this question was not material to the issues actually before the Court in *Levenburg,* it is indicative of the Supreme Court's view of the matter. We do not believe that our holding will unduly inhibit nuisance prosecution. A prosecutor could easily inform an owner of continuing illicit activity, placing upon the owner the duty to evict problem lessees or guests or to otherwise see that the illegal activity is discontinued. The owner's failure in this regard would supply a basis for subsequent abatement proceedings.

Because we are convinced that knowledge, consent or acquiescence by the owner or operator of an alleged public nuisance are necessary elements for abatement, we conclude that plaintiff's complaint failed to state a claim upon which relief may be granted by failing to allege such knowledge, consent or acquiescence.

We are also in agreement with the trial court's conclusions that the complaint lacked specificity and was defective for merely alleging a single instance of illegal conduct at defendants' premises. A nuisance involves the notion of repeated or continuing conduct and should not be based upon

proof of a single isolated incident unless the facts surrounding that incident permit the reasonable inference that the prohibited conduct was habitual in nature. *People ex rel Wayne Prosecuting Attorney v Bitonti, supra,* 119-120. Such an inference would not be justified by the pleadings in this case.

Officer Cooper's affidavit only indicated that defendant's motel was utilized on a single occasion, despite his claim that the bar across the street was frequented by persons involved in prostitution.

We conclude that summary judgment was appropriate under the circumstances of this case.

Affirmed.