PEOPLE v. SCHOONMAKER.

1. NUISANCE—PUBLIC DANCE HALL.
  A public dance hall is not a nuisance *per se*, neither is it denounced by any statute.

2. APPEAL AND ERROR—APPEAL IN CHANCERY HEARD DE NOVO.
  Upon appeal of suit in equity the Supreme Court hears the case *de novo*.

---

[1]Nuisances, 29 Cyc. p. 1171 (Anno); 19 A. L. R. 1441; 28 A. L. R. 1173; 20 R. C. L. 417; 4 R. C. L. Supp. 1361; [2]Appeal and Error, 4 C. J. §§ 2647, 2867.

3. NUISANCE—PUBLIC DANCE HALL—ILLEGAL ACTS MUST BE AC-
QUIESCED IN BY OWNERS TO CONSTITUTE NUISANCE.

Illegal acts by persons attending dances at a public dance
hall would not render the owners thereof guilty of main-
taining a nuisance under Act No. 389, Pub. Acts 1925,
unless they permitted illegal use of the premises or con-
sented· to or acquiesced therein, and whether they did so
is a question of fact to be established by evidence dis-
closing permissive use.

4. SAME—EVIDENCE INSUFFICIENT.

In a suit under Act No. 389, Pub. Acts 1925, to declare
a public dance hall a nuisance and for its abatement, evi-
dence of illegal acts by persons attending the dances, but
failing to show acquiescence therein by the owners, is in-
sufficient to show that the premises were used in violation
of the law so as to constitute the same a nuisance.

5. SAME—GAMBLING—STALE CHARGE.

Evidence that, about a year before suit was brought ·to
abate a public dance hall as a nuisance, some slot machines
were removed therefrom by the State police, in support of
a gambling charge, and that about the same time a young
girl in her bathing suit went into the hall and came out
with the smell of liquor on her breath, where unsupported
by evidence of other prohibited uses of the premises, is
too stale to warrant decree abating the premises as a
nuisance under Act No. 389, Pub. Acts 1925.

Appeal from St. Joseph; Johnson (Clayton C.), J.
Submitted October 13, 1927.    (Docket No. 118.)    De-
cided December 1, 1927.

Bill by the people of the State of Michigan, on the
relation of James T. Sloan, prosecuting attorney,
against Frank Schoonmaker and another to abate an
alleged nuisance.    From a decree for plaintiff, defend-
ants appeal.    Reversed, and bill dismissed.

*George H. Arnold,* for defendants.

WIEST, J.    Defendant Schoonmaker had a grocery

³Nuisances, 29 Cyc. p. 1203; ⁴Id., 29 Cyc. p. 1247; ⁵Id., 29 Cyc.
p. 1247.

store, soft drink place, boat livery, gasoline filling station, and dance hall at Fisher lake, a summer resort in St. Joseph county.    Defendant Martin was interested with Schoonmaker in operating the dance hall.    The prosecuting attorney for St. Joseph county filed the bill herein charging that the dance hall, as operated by defendants, constituted a nuisance and asked for the abatement thereof.    Proofs were taken upon issue joined, and decree entered directing seizure and sale of the dance hall equipment and locking the building for one year, unless bond was given to abate the nuisance.    Defendants appealed.

Act No. 389, Pub. Acts 1925, § 1, provides:

"Any building, vehicle or place used for the purpose of lewdness, assignation or prostitution or gambling, or used by or kept for the use of prostitutes or other disorderly persons, or used for the unlawful manufacture, storing, possessing, transporting, sale, keeping for sale, giving away, bartering, furnishing or otherwise disposing of any vinous, malt, brewed, fermented, spirituous or intoxicating liquors or any mixed liquors or beverages, any part of which is intoxicating, is hereby declared a nuisance."    *    *    *

The act provides for abatement, by decree, under bill in chancery on the relation of the attorney general or prosecuting attorney.    The statute is an exercise of the police power.    The right of organized society to abate public nuisances is old and the denouncement of evils may extend to the needs of decent society.

A public dance hall is not a nuisance *per se;* neither is it denounced by any statute.    No claim was made that the place was used for the purpose of lewdness, assignation, or prostitution, or used by or kept for the use of prostitutes, or used for the manufacture, storing, possessing, transporting, sale, or keeping for sale, bartering, furnishing, or disposing of intoxicating liquors.    The charge in its broadest sense included keeping of a gambling device on the premises, use of

the premises by disorderly persons, and the possession upon the premises of intoxicating liquors by persons attending the dances.

The circuit judge was of the opinion that the dance hall was a nuisance. Under the evidence the use of the dance hall by persons was only as they attended the dances. The finding of gambling was based on the fact that, about a year before, some slot machines were removed by the State police.

Defendants engaged a deputy sheriff to be present at the dances, and up to the time of an occurrence we will mention the officer made no arrest. There was a dance the evening of July 3, 1926, and the deputy sheriff was outside the hall, earning his hire, when an intoxicated man drove up in a car and in an altercation assaulted him. The intoxicated man had not been at the dance but probably came to attend. Some people, attending the dances, brought liquors which they secreted outside the hall and retired to partake thereof and some persons outside of the hall used profane language. A year or more before the bill was filed a young girl in her bathing suit went into defendants' place and came out, it is claimed, with liquor on her breath. The case presented by the evidence is that defendants furnished no liquor and endeavored to prevent persons attending the dances from bringing liquor and drinking on the premises, and to that end hired a deputy sheriff to be present. The case is set apart from those where the owner connived at violations by others on his premises.

In *Rossi* v. *United States,* 16 Fed. (2d) 712, it was stated:

"The situation is not presented of where a party goes to a roadhouse or public place, and brings liquor for his own consumption, unknown to or unassisted in securing the same by the proprietor."

This is a suit in equity, and, upon appeal, we hear

the case *de novo.*   The proofs may be said to show illegal acts by some persons attending the dances, but that is not enough.   Defendants did not maintain a nuisance unless they permitted such illegal use of the premises; that is, consented to it or acquiesced, and whether they did so was a question of fact, not established by efforts to prevent misuse of the premises but only by some evidence disclosing permissive use. See *State* v. *Frazier,* 79 Me. 95 (8 Atl. 347).

It seems to us that the statute denounces a place where persons are permitted, either expressly or impliedly, or by connivance, such as furnishing aid or accessories to resort there for the purpose of drinking intoxicating liquors.   Such seems to be the holdings under the Federal act, and an extended search discloses no adjudication supporting the decision herein in the circuit.   This statute is salutary if kept to its purpose.   One inviting the public to his place for commercial purposes must take care not to invite or acquiesce in transgressions of the law.   That transgressions may happen is possible, but remain offenses of the wrongdoer unless tolerated by the occupant to the extent of permissive use of the premises for such purpose or indifference thereto.   The statute does not deprive one person of the use of his property by reason of the illegal acts of another, unless the owner's use bears a participating relation to the violation.   Were the premises used in violation of the law so as to constitute the same a nuisance?   We think the question answered in *Notary* v. *United States,* 16 Fed. (2d) 434:

"One of the paragraphs of the charge of the court, excepted to and assigned as error, relates to the contention of the defendants that it was a part of their duty and that they did use reasonable diligence to prevent the bringing of liquor and the possessing of it on the premises.   In that connection the court said:

" 'Now, the question whether they used reasonable diligence to prevent it does not make any difference. It is no excuse for a violation of law that they tried to prevent it. A man who permits liquor to be trafficked on his premises, if he knows what is going on, has to prevent it at his peril.'

"We think this statement on the part of the court was clearly reversible error."

Intoxicating liquor was not used in the dance hall but secreted by patrons outside of the hall and secretly visited. The mentioned charge of gambling, unsupported by other prohibited use of the premises, is too stale to warrant decree. The same is true of the incident of the girl in the bathing suit. We have not had the aid of a brief by the prosecuting attorney in behalf of the people.

The decree is reversed and the bill dismissed.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.