STATE, *ex rel.* ATTORNEY GENERAL, *v.* ROBINSON.

1. NUISANCE—ABATEMENT—MUST HAVE EXISTED WITHIN STATUTORY PERIOD.

In proceedings by the people to abate a nuisance under Act No. 389, Pub. Acts 1925, providing that it shall not be necessary for court to find property involved was being used for nuisance at time of hearing if bill of complaint is filed within 30 days after act complained of as nuisance, continuity of nuisance necessarily relates to place of its existence, and nuisance at one place within 30 days of suit does not give jurisdiction to impose restraint upon legitimate use of other places in which no nuisance existed within 30 days.

2. SAME—EACH APARTMENT SEPARATE AND DISTINCT FROM OTHERS.
    In respect to abating nuisance under Act No. 389, Pub. Acts
    1925, in apartment building containing 50 apartments, each
    apartment is as distinct, private, and individual as though
    built alone and not grouped with others.

3. SAME—CLOSING APARTMENTS IN WHICH NO NUISANCE USE SHOWN
   WITHIN STATUTORY PERIOD NOT WARRANTED.
    Where, in proceedings under Act No. 389, Pub. Acts 1925, to
    abate nuisance in apartment building containing 50 apartments,
    there was evidence of nuisance use of one apartment within
    30-day period, decree closing said apartment was warranted,
    but court was in error in closing other apartments in which no
    nuisance use was shown within said period.

4. EVIDENCE—HEARSAY TESTIMONY INADMISSIBLE.
    In proceedings under Act No. 389, Pub. Acts 1925, to abate
    nuisance in apartment building containing 50 apartments,
    testimony of officer who arrested man and woman as they left
    building that woman told him of act of prostitution and that
    it took place in certain apartment was inadmissible as hearsay,
    and naming of woman in bill of complaint without bringing
    her in by process did not render said testimony admissible
    against objection.

5. NUISANCE—APARTMENT HOUSE MIGHT BE CLOSED IF PARTICULAR
   APARTMENT IN WHICH NUISANCE IS COMMITTED IS NOT IDENTIFIED.
    Where apartment building containing 50 apartments was identi-
    fied and nuisance use thereof, or a part thereof, established
    whole building might be closed under Act No. 389, Pub. Acts
    1925, if apartment in which nuisance was committed was not
    identified.

6. SAME—EVIDENCE—HEARSAY CONSIDERED IN AID OF JUSTICE AL-
   THOUGH EXCLUDED.
    Where, in proceedings under Act No. 389, Pub. Acts 1925, to
    abate nuisance in apartment building containing 50 apart-
    ments, nuisance use was clearly established, Supreme Court
    may, in aid of justice, consider hearsay testimony offered by
    the people limiting nuisance use to one apartment, although it
    was stricken on objection of defendant, unless he still wants
    it excluded and takes consequence of having entire building
    closed instead of particular one so identified.

Appeal from Wayne; Gillespie (Glenn C.), J., presiding.  Submitted January 23, 1930.  (Docket No. 44, Calendar No. 34,377.)  Decided March 7, 1930.

Bill by the State of Michigan on the relation of Wilber M. Brucker, Attorney General, against Earl A. Robinson and others to padlock an apartment house and abate a nuisance.  From a decree closing a number of separate apartments therein, defendant Gavil Gassel appeals.  Modified, and affirmed.

*Wilber M. Brucker,* Attorney General, and *Harry N. Deyo* and *W. K. Galbraith,* Assistant Attorneys General, for plaintiff.

*Friedman, Meyers & Keys,* for defendant Gassel.

WIEST, C. J.  The attorney general filed the bill herein, under the provisions of Act No. 389, Pub. Acts 1925, to enjoin the use of an apartment house in the city of Detroit, for the purposes of lewdness, assignation, prostitution, and traffic in and possession of intoxicating liquor, and to abate nuisance use by locking the building.  The building contains 50 separate apartments, nearly all of which consist of two or three rooms, together with a bath and kitchenette.  The circuit judge found that at various times, from September, 1926, until within 30 days of the filing of the bill, November 13, 1928, nuisance use had been made of several apartments, and, by decree, closed 22 of the apartments for one year, and ordered seizure and sale of the furniture and fixtures to satisfy costs.  The owner of the premises appealed.

The mentioned statute provides:

"SEC. 9.  *  *  *  It shall not be necessary for the court to find the property involved was being used

as and for a nuisance at the time of the hearing, or for the plaintiff to prove that the nuisance was continuing at the time of the filing of the bill of complaint, if the bill of complaint is filed within thirty days after any act, any violation, or the existence of a condition herein defined as a nuisance.''

The bill was filed within 30 days after alleged violation in one apartment. Did this authorize the court to go back over a period of 26 months and close other apartments from which offending occupants had been removed, and the apartments long occupied by decent people? The proceeding herein is to abate the offensive use of designated places. The quoted statute qualifiedly avoids the common-law rule that a court will not decree the abatement of a nuisance abated in fact before suit. The statute lays down a rule contingent upon a bill being filed within 30 days after a violation in a particular place. If a bill is so filed, the court need not find nuisance use of the place at the time of the hearing or a continuing nuisance at the time the bill was filed. Two purposes appear, one saving jurisdiction, in case of voluntary abatement during suit, and the other authorizing restraint, even in case of voluntary abatement within 30 days before suit. Under the statute, continuity of nuisance necessarily relates to the place of its existence, and a nuisance at one place, within 30 days of suit, does not give jurisdiction to impose restraint upon legitimate use of other places in which no nuisance existed within 30 days of suit.

The apartments in the building are dwelling places, each one distinct and as private and individual as though built alone and not grouped with others.

The court found a nuisance use of apartment 404, within the period of 30 days before suit, and not only decreed the locking of that apartment, but 21 others, in which no nuisance use was shown within the 30-day period, and some in point of time two years removed. The court was in error in locking apartments aside from No. 404, and decree here will excise such excess of authority.

The appealing defendant claims that no nuisance use of apartment 404, within 30 days of suit, was established. The bill was filed November 13, 1928. October 29, 1928, a prostitute solicited and induced a man to go into the building with her. A police officer who witnessed the solicitation waited outside of the building and arrested the woman and man as they came out, complained of the woman as a common prostitute, and the next day, in court, she pleaded guilty. The point is made that there was no evidence that the woman occupied apartment 404 at that or any other time or took the man there. When the woman and man came out of the house, the woman told the officer of the act of prostitution, and said it took place in apartment 404. The woman was named a party defendant in the bill, but was not served with process. The statute expressly obviates need of knowledge on the part of the owner of nuisance use of his premises. Had the woman testified to what she told the officer it would have been clearly admissible. The relation by the officer of what the woman said to him was hearsay, and the naming of the woman in the bill, without bringing her in by process, did not render the hearsay testimony admissible against objection. The officer, however, witnessed the solicitation of prostitution, the accord of the man, entry of the house for accomplishment of the purpose, and time therein for the act, and,

considering the reputation of the house, and the fact that the next day the woman pleaded guilty to being a common prostitute, the nuisance use of the premises on that occasion can be found without drawing on the imagination. But it is said that the apartment employed for nuisance use was not identified. The house was identified and nuisance use thereof, or a part thereof, established, and, if the apartment was not identified, then the whole house might be closed. The hearsay testimony benefited the owner, and, having been offered by the people and received by the court, although later stricken out on motion of the owner, may yet be considered in the case, unless the owner still wants to have it so excluded and take the consequence mentioned. In aid of justice, we have concluded to hold the people to the identification claimed, and give the owner the benefit thereof.

The decree is affirmed as to apartment 404, and reversed as to the other apartments. Under the circumstances, there will be no costs in this court.

Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred. McDonald, J., did not sit.