STATE, *ex rel.* WAYNE PROSECUTING
ATTORNEY, *v.* WEITZMAN

1. APPEAL AND ERROR—CHANCERY CASE—REVIEW—DE NOVO.

An appellate court reviewing a chancery case *de novo* on the record has a duty to reach an independent conclusion, aided but not controlled by the conclusions of the trial court who had the advantage of hearing and seeing the witnesses.

2. NUISANCE—STATUTES.

The statute for the abatement of statutory nuisances requires that evidence must be presented to show that at least one act of lewdness, gambling, prostitution or unlawful use of drugs or alcohol had occurred on the premises complained of within 30 days before the complaint was filed (MCLA §§ 600-.3801, 600.3815).

3. NUISANCE—ABATEMENT—STATUTES—REVIEW.

The Court of Appeals, in reviewing cases involving the abatement of statutory nuisances, is not precluded from considering acts prior to the 30-day statutory period but acts occurring within that period are more persuasive to its deliberations (MCLA §§ 600.3801, 600.3815).

4. NUISANCE — COCKTAIL LOUNGE — ACCOSTING AND SOLICITING — KNOWLEDGE.

A cocktail lounge is not a nuisance *per se* and where actions of accosting and soliciting are conducted there, in a covert, clandestine manner making detection impossible, defendants, owner and lessor of the premises, may not be equitably deprived

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 39 Am Jur, Nuisances §§ 14, 118, 149, 153, 168.
[3] 39 Am Jur, Nuisances § 13.
   5 Am Jur 2d, Appeal and Error § 642.
[4] 39 Am Jur, Nuisances §§ 11, 43, 62, 63, 86.
[5] 39 Am Jur, Nuisances § 152.

of the legitimate use of their property where no offer of proof is made of any participation, acquiescence or knowledge, imputed or otherwise, of defendants, and they deny any knowledge.

5. Nuisance—Abatement—Knowledge—Statutes.

Any statute which allows punishment of a person by padlocking his business as a nuisance for an act without requiring proof of his participation, acquiescence, or knowledge is objectionable, and where the case law on the element of knowledge is conflicting, a case requiring proof of knowledge will be followed by the Court of Appeals.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 October 8, 1969, at Detroit. (Docket No. 7,381.) Decided February 6, 1970.

Complaint by the State, on the relation of William L. Cahalan, Prosecuting Attorney of Wayne County, against Harry Weitzman, doing business as the Roxy Bar, and Edward N. Lee, to abate a nuisance. Judgment for plaintiff. Defendant Weitzman appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Hyman, Gurwin, Nachman, Friedman & Weingarden,* for defendant Weitzman.

Before: Fitzgerald, P. J. and McGregor and V. J. Brennan, JJ.

McGregor, J. Defendant Weitzman is the owner and operator of the Roxy Bar on Woodward Avenue, immediately north of the downtown area in Detroit;

defendant Lee is the lessor of the premises. On March 18, 1969, plaintiff filed a complaint in Wayne county circuit court, alleging that the premises were used for the purposes of lewdness, assignation and prostitution, and that the premises were used by prostitutes.[1] Plaintiff requested a permanent injunction to abate the alleged nuisance and further requested that the bar be padlocked shut for one year.

Defendant Weitzman answered, among other things that neither he nor his employees permitted or condoned the activities described in the complaint. There was no attempted showing to the contrary by the plaintiff.

At a hearing on May 1, 1969, plaintiff's proofs consisted of the testimony of two Detroit police offi-

---

1 "Any building, * * * or place used for the purpose of lewdness, assignation or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons, or used for the unlawful manufacture, storing, possessing, transporting, sale, keeping for sale, giving away, bartering, furnishing or otherwise disposing of any narcotic and/or hypnotic drug as defined by law or of any vinous, malt, brewed, fermented, spiritous or intoxicating liquors or any mixed liquors or beverages, any part of which is intoxicating, is hereby declared a nuisance and the furniture, fixtures, and contents of any such building, vehicle, boat, aircraft, or place and all such intoxicating liquors therein are also declared a nuisance, and all such narcotic and/or hypnotic drugs and nuisances shall be enjoined and abated as hereinafter provided, and as provided in the court rules. Any person, or his servant, agent or employee who shall own, lease, conduct or maintain any building, vehicle, or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance." MCLA § 600.3801 (Stat Ann 1962 Rev § 27A.3801).

"(1) In any action brought under this chapter, evidence of the general reputation of the building, vehicle, boat, aircraft or place is admissible for the purpose of proving the existence of the nuisance.

"(2) Proof of knowledge of the existence of the nuisance on the part of the defendants or any of them, is not required.

"(3) It is not necessary for the court to find the property involved was being used as and for a nuisance at the time of the hearing, or for the plaintiff to prove that the nuisance was continuing at the time of the filing of the complaint, if the complaint is filed within 30 days after any act, any violation, or the existence of a condition herein defined as a nuisance, but on finding that the material allegations of the complaint are true, the court shall render judgment and order of abatement as hereinafter provided." MCLA § 600.3815 (Stat Ann 1962 Rev § 27A.3815).

cers, both of whom testified that they had visited the bar and had been solicited by female patrons of the bar. One of the officers testified that he was approached by a male patron of the bar who offered to arrange a meeting with a woman. Both officers also testified that the bar had a reputation as a place to pick up prostitutes, but there was no showing that the defendant owners or their employees had any knowledge of the specific acts alleged or any similar acts. One police officer testified that the whole area was permeated with prostitutes and "Murphy men", that in a number of other nearby bars the same condition prevails, and that the area in general is a kind of slum.

The court found the bar to be a statutory nuisance and ordered it to be padlocked shut for six months, permitting its reopening after six months upon posting of a $10,000 bond, conditioned upon not permitting or suffering the premises to be used for prostitution or by prostitutes. Defendants and any subsequent owner or lessee were also perpetually enjoined from allowing the above acts to take place. From this adverse ruling, defendant Weitzman appeals.

We note at the outset that this action is one based in equity, and on appeal, we hear the case *de novo.* Our Michigan Supreme Court said, in *People, ex rel. Allegan Prosecuting Attorney,* v. *Harding* (1955), 343 Mich 41, that when an appellate court reviews a chancery case *de novo* on the record, it has a duty to reach an independent conclusion, aided but not controlled by the conclusions of the trial judge, who had the advantage of seeing and hearing the witnesses.

Our analysis begins with a review of the apparently undisputed evidence presented at trial. In this case, the court notes that the complaint, alleging this

establishment a nuisance, was filed on March 18, 1969; evidence is presented concerning the period of 30 days immediately prior to the filing of the complaint, regarding only one act involving lewdness, assignation, or prostitution. (In order to acquire jurisdiction under the statute, at least one act is necessary to have occurred within 30 days prior to the filing of the complaint.) Although we are not precluded from considering other acts occurring prior to this crucial 30-day period, those prior acts cannot be considered as persuasive in our deliberations as those occurring within the statutory period. The Michigan Supreme Court, when contemplating an action to close an entire apartment house for alleged prostitution, but presented with evidence which showed only one apartment being involved in prostitution within this 30-day period, said:

"Two purposes appear, one saving jurisdiction, in case of voluntary abatement during suit, and the other authorizing restraint even in the case of voluntary abatement within 30 days before suit. Under the statute, continuity of the nuisance necessarily relates to the place of its existence, and a nuisance at one place, within 30 days of suit, does not give jurisdiction to impose restraint upon legitimate use of other places in which no nuisance existed within 30 days of suit." *State, ex rel. Attorney General,* v. *Robinson* (1930), 250 Mich 99, 102.

We must not ascertain the exact number of illegal acts which must occur to constitute a nuisance, but only suggest that if, in fact, proof of knowledge is unnecessary, then the amount and number of violations obviously has a participating effect upon the equitable determination of the matter.

A cocktail lounge is not a nuisance, *per se;* neither is it denounced by statute. Although the plaintiff alleges that this place was used for the purposes of

lewdness, assignation, and/or prostitution, these allegations cannot change the basic character of this establishment. The Roxy Bar is not a house of prostitution in the customary sense, but a duly-licensed place to sell liquor. In this instance, the complained-of acts involved what is known as accosting and soliciting. These acts were conducted in a covert and clandestine manner, detection of which was extremely difficult if not impossible. Were the facts shown to be that this was, in fact, a "house of ill repute", where acts of sexual intercourse transpired, we again might have been influenced by this.

The defendant vigorously argues the applicability of *People* v. *Schoonmaker* (1927), 241 Mich 177, for the proposition that knowledge is required before one can be held in violation of the statute. In that case, defendant operated a dance hall and an abatement action was brought against him, under the padlock act, *supra,* alleging the hall to be a nuisance because disorderly persons frequented it, a gambling device was present, and intoxicating liquor was used on the premises. The Supreme Court reversed the lower court's ruling that the building was a nuisance, and held, in part, that:

"Defendants did not maintain a nuisance unless they permitted such illegal use of the premises; that is, consented to or acquiesced, and whether they did so was a question of fact, not established by efforts to prevent misuse of the premises but only by some evidence disclosing permissive use." See *State v. Frazier,* 79 Me 95, 8 Atl 347.

At the time *Schoonmaker* was decided, the former padlock statute, PA 1925, No 389, §§ 1 and 9, was in effect. This statute is virtually identical to the statute cited hereinbefore. Both the prosecution and the court assert that the provision precluding

the need to prove knowledge was added subsequent to this case. A thorough examination by this Court has revealed that this provision was in effect in 1927, when *Schoonmaker* was decided. Although the Court in *Schoonmaker* did not discuss the padlock statute provision obviating the need for knowledge, it must be presumed that the Court was aware of the provision and chose to disregard it.

Several subsequently decided cases have enveloped this shadowy area and diluted some of *Schoonmaker's* basic propositions: *State, ex rel. Attorney General,* v. *Robinson* (1930), 250 Mich 99; *People, ex rel. Wayne Prosecuting Attorney,* v. *Bitonti* (1943), 306 Mich 115; *People, ex rel. Wayne Prosecuting Attorney,* v. *Tate* (1943), 306 Mich 667.

We are admittedly perplexed by the apparent inconsistencies of *Schoonmaker* and the later decided cases, but we find that until some authoritative ruling is made in this area, we shall use the holding espoused in *Schoonmaker.* It is apparent that if we are to accept the almost negligible evidence presented at this trial and deprive the defendant of his livelihood, then nearly every motel, hotel, and lounge is subject to this same inappropriate deprivation. It is reasoned that any statute which punishes another by padlocking his business for an act, of which no offer of proof is made, and of which there is disavowal, of any participation, acquiescence or knowledge, imputed or otherwise, is objectionable to this Court.

In view of the totality of circumstances which have surrounded this case, we find it is inappropriate to affirm this action.

Reversed and remanded.