STATE *ex rel* OAKLAND PROSECUTING ATTORNEY v WEAVER

1. NUISANCE—HOUSE OF PROSTITUTION—ABATEMENT—OWNER'S
   KNOWLEDGE—STATUTES.
   Allegations and proof of the owner's knowledge of, or acquiescence in, alleged acts of prostitution on his premises are not required in a cause of action for the abatement of a public nuisance on premises used as a house of prostitution (MCLA 600.3805, 600.3815; MSA 27A.3805, 27A.3815).

2. CONSTITUTIONAL LAW—NUISANCE—CONFISCATION OF PROPERTY—
   ABATEMENT—OWNER'S KNOWLEDGE—LEGITIMATE PURPOSES OF
   STATUTES—STATUTES.
   The confiscation of property under the public nuisance abatement statutes without proof of the owner's knowledge of, or acquiescence in, the existence of the public nuisance is not an unconstitutional taking without just compensation since several legitimate purposes are served by such takings: the illegal reuse of the property is prevented, the profits derived from such criminal activities are substantially decreased, and the owner is encouraged to use his property with more care in the future (MCLA 600.3801 *et seq.;* MSA 27A.3801 *et seq.).*

Appeal from Oakland, Farrell E. Roberts, J. Submitted November 8, 1976, at Lansing. (Docket No. 26581.) Decided March 29, 1977.

Complaint by the State, on the relation of L. Brooks Patterson, Prosecuting Attorney of Oakland County, against Harold F. Weaver, Treva Weaver, Swedish Sauna, Inc., Lane E. Combs and Rudolph Nemish, to abate a nuisance. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Disorderly House §§ 10, 16.
[2] 58 Am Jur 2d, Nuisances § 15.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Don M. Valente,* Assistant Prosecuting Attorney, for plaintiff.

*Taylor and Rubin,* for defendants Swedish Sauna, Inc., and Lane E. Combs.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

M. F. CAVANAGH, J. Plaintiff Oakland County Prosecutor brought this action under the Michigan "padlock" statute, MCLA 600.3801, *et seq.;* MSA 27A.3801, *et seq.,* alleging that certain premises owned by defendants Weaver, leased by defendant Swedish Sauna, Inc., and possessed by defendants Nemish and Combs were being used as a house of prostitution. Defendants Weaver moved for summary judgment under GCR 1963, 117.2(1) and (3) on the grounds that the complaint failed to allege that the owners had knowledge of the alleged illegal activity and that there was no factual basis to find that the owners of the premises had such knowledge. The circuit court granted the defendants' motion on both grounds, and the plaintiff appeals.

The sole issue on appeal is whether the statutory cause of action under MCLA 600.3805; MSA 27A.3805 requires allegation and proof of the owner's knowledge of, or acquiescence in, the alleged acts of prostitution on his premises. Our inquiry is twofold: (1) Does the statute require proof of the property owner's knowledge of the illegal activities; and (2) If not, would confiscation of an innocent owner's property amount to an unconstitutional taking without just compensation?

The Legislature has unambiguously stated the

answer to the first inquiry via MCLA 600.3815; MSA 27A.3815:

"(2) Proof of knowledge of the existence of the nuisance on the part of the defendants or any of them, is not required."

Obviously, where proof of knowledge is unnecessary, allegations of the owner's knowledge are not required to state a statutory cause of action.

The defendants argue that *People v Schoonmaker,* 241 Mich 177; 216 NW 456 (1927), and *State, ex rel Wayne Prosecuting Attorney v Weitzman,* 21 Mich App 705; 176 NW2d 463 (1970), are authority to construe the statute to require proof of the owner's knowledge. While those cases contain language that an owner's participation, acquiescence, or knowledge is necessary to the public nuisance statute's application, the Michigan Supreme Court squarely held subsequent to *Schoonmaker, supra,* that the present statute's precursor (through similar language) obviated proof of the owner's knowledge of the nuisance's existence. *People, ex rel Wayne Prosecuting Attorney v Tate,* 306 Mich 667, 669; 11 NW2d 282, 283 (1943), *People, ex rel Wayne Prosecuting Attorney v Bitonti,* 306 Mich 115, 119; 10 NW2d 329, 330 (1943), *State, ex rel Attorney General v Robinson,* 250 Mich 99, 103; 229 NW 403, 405 (1930). Considering the clear language of the statute, we are convinced that *Robinson, Bitonti* and *Tate* are correct. While the result in *Weitzman, supra,* may be supportable on the ground that the harsh penalty imposed by the lower court was an abuse of the trial court's discretion, to the extent that *Weitzman* deviates from *Bitonti,* we decline to follow it.

The second inquiry has been answered by the

recent United States Supreme Court decision in *Calero-Toledo v Pearson Yacht Leasing Co,* 416 US 663; 94 S Ct 2080; 40 L Ed 2d 452 (1974), *reh den,* 417 US 977; 94 S Ct 3187; 41 L Ed 2d 1148 (1974), which held that a Puerto Rico forfeiture statute did not work an unconstitutional taking when it was applied to an innocent owner-lessor of a yacht which had been used by the lessee for drug smuggling. The Court noted that while forfeiture statutes were originally founded on the rationale that the premises or items confiscated were "guilty" in themselves, making the innocence or guilt of the owner irrelevant, subsequent cases recognize that these statutes have a separate rationale basis. The owner is often partially blameworthy because illegal use of the property was due to his negligence. Forfeiture prevents later reuse of the property for a similar criminal purpose and renders the previous illegal use unprofitable. Lastly, threat of confiscation may induce lessors, bailors, or secured creditors to exercise greater care in transferring possession of their property. *Calero-Toledo v Pearson Yacht Leasing Co, supra,* at 686–688; 94 S Ct at 2093–2094; 40 L Ed 2d at 469–471. The seizure in *Pearson Yacht Leasing Co* clearly furthered several of those articulated rationales and therefore did not amount to a taking.

The majority opinion in *Pearson Yacht Leasing Co* carefully notes that confiscation may become constitutionally objectionable if applied to an innocent owner who has done all that could reasonably be expected to prevent the illegal use of his property. *Pearson Yacht Leasing Co, supra,* at 689–690; 94 S Ct at 2094–2095; 40 L Ed 2d at 471–472. Our Supreme Court has similarly expressed itself regarding the precursor to the present padlock statute.

"We may concede the power of the court to penalize an owner of property for criminal use thereof by a tenant, on the ground that the owner knew, or within reason should have known, of such unlawful use, but it does not follow that the legislature may by mandate compel the penalization in every case regardless of circumstances." *People, ex rel Attorney General v Holschuh,* 235 Mich 272, 277; 209 NW 158, 160 (1926).

However, such a defense has not yet been asserted in this case, and we express no opinion as to any constitutionally mandated exceptions to MCLA 600.3815; MSA 27A.3815.

On the facts before us, the Michigan statute passes constitutional muster under *Pearson Yacht Leasing Co* because it serves several of the legitimate purposes noted above without imposing an unreasonable forfeiture. Closing the premises for up to one year prevents illegal reuse of the property and substantially decreases any profit derived from criminal activity. Even though innocent, the defendants may have been negligent in failing to discover the flagrant misconduct alleged; the statute will encourage them to be more careful in the future. The confiscation threatened by the Michigan statute is at most a temporary deprivation of use of the premises and forfeiture of the furnishings; it is not nearly as severe as the total forfeiture involved in *Pearson Yacht Leasing Co, supra.*[1]

Reversed and remanded.

---

[1] MCLA 600.3840; MSA 27A.3840 expressly prevents an oppressive forfeiture by allowing mitigation for an innocent owner.