STATE ex rel OAKLAND PROSECUTING ATTORNEY v GINELL

Docket No. 90531. Submitted January 21, 1987, at Lansing. Decided April 22, 1987. Leave to appeal applied for.

The Oakland County Prosecuting Attorney brought an action in the Oakland Circuit Court against Dominic Ginell, doing business as The Front Page News Center, for nuisance abatement, alleging that defendant's news center was visited by disorderly persons gathering to engage in indecent or obscene conduct and to solicit others to do lewd or immoral acts. The court, Alice L. Gilbert, J., dismissed the complaint. Plaintiff appealed.

The Court of Appeals *held*:

1. The public nuisance statute was designed to eliminate the use of property for or in connection with prostitution, gambling and the illicit possession or transfer of intoxicants, not to eliminate obscenity.

2. The definition of a "disorderly person" in the Penal Code as one who is engaged in indecent or obscene conduct in a public place may not be incorporated into the public nuisance statute so as to bring within the definition of a nuisance a bookstore in which persons engage in obscene conduct, thereby subjecting the bookstore to abatement as a nuisance.

Affirmed.

1. NUISANCE — PUBLIC NUISANCE — OBSCENITY.

The public nuisance statute was designed to eliminate the use of property for or in connection with prostitution, gambling and the illicit possession or transfer of intoxicants, not to eliminate obscenity (MCL 600.3801; MSA 27A.3801).

2. NUISANCE — PUBLIC NUISANCE — DISORDERLY PERSONS — OBSCENITY.

The definition of a "disorderly person" in the Penal Code as one

REFERENCES

Am Jur 2d, Disorderly Houses §§ 10, 11.

Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 11, 20, 21, 29.

Am Jur 2d, Nuisances §§ 6-8, 14-18, 106-112.

Pornoshops or similar places disseminating obscene material as nuisance. 58 ALR3d 1134.

See also the annotations in the Index to Annotations under Nuisances.

who is engaged in indecent or obscene conduct in a public place may not be incorporated into the public nuisance statute so as to bring within the definition of a nuisance a bookstore in which persons engage in obscene conduct, thereby subjecting the bookstore to abatement as a nuisance (MCL 600.3801; MSA 27A.3801).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for plaintiff.

*Taylor & Rubin, P.C.* (by *Stephen M. Taylor*), for defendant.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. J. KELLY, P.J. Plaintiff brought this action against Dominic Ginell, doing business as The Front Page News Center, under the Michigan public nuisance abatement statute, MCL 600.3801; MSA 27A.3801. Defendant brought a motion to dismiss based on this Court's decision in *State ex rel Oakland Prosecuting Attorney v Alray Northcrest Plaza,* 146 Mich App 595; 381 NW2d 731 (1985), lv den 424 Mich 896 (1986). The trial court subsequently granted defendant's motion and dismissed the case. Plaintiff appeals as of right. We affirm.

This case arose out of an ongoing investigation of The Front Page News Center by Oakland County investigators. The Front Page News Center operates as an adult book and video store and has individual viewing booths where patrons can view adult video entertainment.

Plaintiff argues that the operation of this busi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ness was in violation of MCL 600.3801; MSA 27A.3801, the public nuisance abatement statute, which provides in relevant part:

> Any building, vehicle, boat, aircraft or place used for the purpose of lewdness, assignation or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons . . . is hereby declared a nuisance . . . Any person, or his servant, agent or employee who shall own, lease, conduct or maintain any building, vehicle or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance.

Plaintiff's first claim is that its complaint was sufficient to sustain this action under the public nuisance abatement statute based on the allegations in the complaint of prostitution-related activities occurring on the premises. Therefore, plaintiff claims that the trial court erred in dismissing the case.

Plaintiff's claim is without merit. Nowhere in plaintiff's first amended complaint does plaintiff claim that prostitution, perpetrated by either males or females, took place on the premises. The complaint merely asserts that the premises are visited by "disorderly persons who gather and engage in indecent or obscene conduct and/or who engage in acts of gross indecency and/or who solicit or accost others to do lewd or immoral acts . . . ." Plaintiff's investigators related how they were invited to engage in sexual activity by male patrons of defendant's establishment; however, these invitations were for consensual activity and not for sex in exchange for monetary compensation.

"[T]he public nuisance statute was designed to

eliminate the use of property for or in connection with prostitution, gambling and the illicit possession or transfer of intoxicants, not to eliminate obscenity." *State ex rel Oakland Prosecutor v Alray, supra,* pp 602-603. See also, *People ex rel Wayne Prosecuting Attorney v Sill,* 310 Mich 570, 575; 17 NW2d 756 (1945); *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc,* 111 Mich App 16; 314 NW2d 512 (1981), lv den 414 Mich 951 (1982), and *State ex rel Wayne Co Prosecuting Attorney v Levenburg,* 406 Mich 455; 280 NW2d 810 (1979).

Since plaintiff has failed to allege that The Front Page News Center was used by persons engaging in activities related to prostitution, gambling or intoxicants, consistent with *Alray,* plaintiff has failed to state a claim.

Next plaintiff invites this panel of the Court of Appeals to reach a conclusion inconsistent with this Court's conclusion in *Alray* on the definition of disorderly persons, as that term is used in the public nuisance abatement statute. We decline. As stated in *Alray,* the interpretation of the phrase "disorderly persons" offered by plaintiff would lead to absurd results inconsistent with the aforementioned purposes of the public nuisance abatement statute. "If places used for purposes of obscene conduct are to be subject to abatement as public nuisances, it is the Legislature's function to enact or expand such provisions, taking care that they pass constitutional muster." *Alray, supra,* p 603, n 7. As of this decision, the Legislature has not taken action to expand the public nuisance abatement statute to include obscene conduct.

Affirmed.