STATE *ex rel* WAYNE COUNTY PROSECUTING ATTORNEY v
BENNIS

Docket No. 132568. Submitted December 17, 1992, at Detroit. Decided
July 19, 1993, at 9:45 A.M. Leave to appeal sought.

The State of Michigan, on the relation of the Wayne County
Prosecuting Attorney, brought an action in the Wayne Circuit
Court against John C. and Tina B. Bennis pursuant to MCL
600.3801 *et seq.*; MSA 27A.3801 *et seq.* to abate an alleged
nuisance in the form of an automobile jointly owned by the
Bennises. The plaintiff alleged that the automobile had been
used for the purpose of lewdness, assignation, or prostitution by
John Bennis and a woman other than his wife, as evidenced by
John Bennis' prosecution for gross indecency after police offi-
cers observed him and the woman engage in a sexual act in the
automobile. The court, Michael J. Talbot, J., entered an order
of abatement as requested. The Bennises appealed.

The Court of Appeals *held:*

1. Notwithstanding MCL 600.3815(2); MSA 27A.3815(2),
which provides that proof of knowledge of the existence of the
nuisance on the part of the defendants or any of them is not
required for abatement, such proof has been required by the
Supreme Court beginning with *People v Schoonmaker,* 241
Mich 177 (1927), and as late as *State ex rel Wayne Co Prosecut-
ing Attorney v Levenburg,* 406 Mich 455 (1979). Accordingly,
the plaintiff in this case needed to prove that Tina Bennis knew
of the alleged nuisance before it could be abated. Because the
record does not support a finding of such knowledge, the trial
court erred in issuing the order of abatement.

2. A single incident of lewdness, assignation, or prostitution
in an automobile, absent circumstances that would lead to a
reasonable inference that the conduct was habitual, is insuffi-
cient to create a nuisance.

3. The plaintiff failed to establish that an act of lewdness,
assignation, or prostitution occurred in the automobile because

REFERENCES

Am Jur 2d, Nuisances, §§ 37, 38, 113-115, 137, 237.
See ALR Index under Lewdness, Indecency, and Obscenity; Nui-
sances.

it offered no proof that the sexual act was performed in exchange for money.

Reversed.

JANSEN, P.J., dissenting, stated that MCL 600.3815(2); MSA 27A.3815(2) specifically and unambiguously provides that proof of knowledge of the existence of the nuisance is not required, that one incident of lewdness, assignation, or prostitution in an automobile is sufficient to create a nuisance, and that sufficient evidence was offered in this case to establish that the automobile was used for the purpose of lewdness, assignation, or prostitution.

1. NUISANCE — PUBLIC NUISANCES — LEWDNESS, ASSIGNATION, OR PROSTITUTION.

   A building, vehicle, boat, aircraft, or place used for the purpose of lewdness, assignation, or prostitution may not be declared or abated as a nuisance unless all its owners have knowledge of the existence of the nuisance (MCL 600.3801, 600.3805; MSA 27A.3801, 27A.3805).

2. NUISANCE — PUBLIC NUISANCES — LEWDNESS, ASSIGNATION, OR PROSTITUTION — AUTOMOBILES.

   A single incident of lewdness, assignation, or prostitution in an automobile, absent circumstances that would lead to a reasonable inference that the conduct was habitual, is insufficient to create a nuisance (MCL 600.3801; MSA 27A.3801).

3. NUISANCE — PUBLIC NUISANCES — LEWDNESS, ASSIGNATION, OR PROSTITUTION.

   Declaration and abatement of a nuisance arising from the use of a building, vehicle, boat, aircraft, or place for the purpose of lewdness, assignation, or prostitution requires proof that the sexual act or conduct was performed in exchange for money (MCL 600.3801, 600.3805; MSA 27A.3801, 27A.3805).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John E. O'Hair,* Prosecuting Attorney, *Andrea Solak,* Chief, Special Operations, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the plaintiff.

ACLU Fund of Michigan (by *Paul J. Denenfeld*), for the defendants.

Before: JANSEN, P.J., and MURPHY and MARILYN KELLY, JJ.

MURPHY, J. Defendants appeal from a judgment of the circuit court declaring their 1977 Pontiac automobile to be a nuisance and abating the nuisance, thereby terminating their interest in the automobile. We reverse.

Defendant John Bennis was convicted of gross indecency, MCL 750.338b; MSA 28.570(2), following an incident in which police officers observed Mr. Bennis engaging in a sexual act with a woman in defendants' 1977 Pontiac. Plaintiff then filed this action, alleging that Mr. Bennis used defendants' car for the purpose of lewdness, assignation, or prostitution, in violation of MCL 600.3801; MSA 27A.3801, and that the car was therefore a nuisance subject to abatement pursuant to MCL 600.3825; MSA 27A.3825. The circuit court declared the car to be a nuisance and abated the nuisance, terminating defendants' interest in the automobile.

Defendants first contend that they were entitled to summary disposition pursuant to MCR 2.116(C) (8) because plaintiff failed to demonstrate that defendant Tina Bennis had knowledge that her husband, defendant John Bennis, was using the vehicle, which they jointly owned, for purposes of lewdness, assignation, or prostitution. We agree that the prosecution was obligated to demonstrate that defendants knew of the use of the vehicle as a nuisance before the nuisance could be ordered abated.

The statutes relating to public nuisance provide for declaring certain property to be a nuisance where "lewdness, assignation or prostitution or gambling" takes place on that property. MCL 600.3801; MSA 27A.3801 provides, in pertinent part:

Any building, vehicle, boat, aircraft, or place

used for the purpose of lewdness, assignation or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons, . . . is declared a nuisance, . . . and all . . . nuisances shall be enjoined and abated as provided in this act and as provided in the court rules. Any person or his or her servant, agent, or employee who owns, leases, conducts, or maintains any building, vehicle, or place used for any of the purposes or acts set forth in this section is guilty of a nuisance.

MCL 600.3805; MSA 27A.3805 authorizes prosecuting attorneys, among others, to bring an action for equitable relief to abate a nuisance. MCL 600.3825; MSA 27A.3825 provides for the issuance of an order of abatement and sale of property found to be a nuisance, including vehicles.

MCL 600.3815(2); MSA 27A.3815(2) provides that "proof of knowledge of the existence of the nuisance on the part of the defendants or any of them, is not required." The Michigan Supreme Court, however, has held that, regardless of this statutory language, proof of knowledge is required for abatement. In *People v Schoonmaker,* 241 Mich 177, 181; 216 NW 456 (1927), our Supreme Court stated:

Defendants did not maintain a nuisance unless they permitted such illegal use of the premises; that is, consented to it or acquiesced, and whether they did so was a question of fact, not established by efforts to prevent misuse of the premises but only by some evidence disclosing permissive use. . . .

. . . That transgressions may happen is possible, but remain offenses of the wrongdoer unless tolerated by the occupant to the extent of permissive use of the premises for such purpose or indifference thereto. The statute does not deprive one

person of the use of his property by reason of the illegal acts of another, unless the owner's use bears a participating relation to the violation.

In subsequent decisions, the Supreme Court has held that the statute obviates the need for proof of knowledge, and apparently has ignored *Schoonmaker,* as noted by this Court in *State ex rel Oakland Co Prosecutor v Motorama Motel Corp,* 105 Mich App 224, 228; 307 NW2d 349 (1981). See *People ex rel Wayne Prosecuting Attorney v Bitonti,* 306 Mich 115, 119; 10 NW2d 329 (plurality) (1943); *People ex rel Wayne Prosecuting Attorney v Tate,* 306 Mich 667, 669; 11 NW2d 282 (1943); *State ex rel Attorney General v Robinson,* 250 Mich 99, 103; 229 NW 403 (1930). The *Schoonmaker* view has recently received support, however, in *State ex rel Wayne Co Prosecuting Attorney v Levenburg,* 406 Mich 455, 462, n 1; 280 NW2d 810 (1979), in which our Supreme Court stated in dicta: "However, we acknowledge that a judgment for abatement in a prosecution of this nature cannot be rendered without a finding of knowledge of the accosting and soliciting on the part of the owners or operators of the place found to be a nuisance and their acquiescence in those activities."

Considering that *Schoonmaker* has never been expressly overruled, and in light of the comment in *Levenburg,* we follow the *Schoonmaker* analysis, as this Court did in *Motorama, supra,* and *State ex rel Wayne Prosecuting Attorney v Weitzman,* 21 Mich App 705, 710-711; 176 NW2d 463 (1970). We therefore hold that the prosecutor was required to prove that defendants knew that their vehicle was being used for a purpose set forth in MCL 600.3801; MSA 27A.3801. We further hold that the record in this case does not support a

finding that Mrs. Bennis knew that the vehicle was being used for such purpose.

Defendants next contend that the claimed nuisance could not be abated because only one incident of lewdness, assignation, or prostitution was alleged before the trial court, and that this is insufficient to demonstrate a nuisance. We agree. In *Motorama,* the plaintiff alleged that, on one occasion, a police officer was accosted and solicited by an unknown female at a bar and that she then took the officer across the street to the defendant's hotel. The trial court granted the defendant summary disposition, holding in part that the one instance of lewdness and assignation alleged by the plaintiff was insufficient to support a claim of nuisance. This Court affirmed, holding that a single alleged incident is insufficient to create a nuisance unless circumstances are such that a reasonable inference can be drawn that the conduct was habitual. *Id.,* 229-230; see also *Bitonti, supra,* 119-120 (Justice CHANDLER). The facts in *Motorama* were insufficient to permit such an inference, even though the affidavit of the police officer in question stated that there had been numerous arrests of females in that area for solicitation at the bar across from the defendant's hotel. *Id.,* 226, 229-230.

The *Motorama* approach best effectuates the purpose of the statute. The abatement statute was enacted to subject houses of prostitution to abatement as nuisances. *State ex rel Wayne Co Prosecutor v Diversified Theatrical Corp,* 396 Mich 244, 246-250; 240 NW2d 460 (1976). The purpose of the act has also been described as eliminating the use of property in connection with gambling, prostitution, and the illicit sale of liquor. *People ex rel Wayne Prosecuting Attorney v Sill,* 310 Mich 570, 575; 17 NW2d 756 (1945); *State ex rel Oakland Prosecuting Attorney v Ginell,* 159 Mich App 679,

681-682; 407 NW2d 59 (1987). The statute is not intended to regulate the morality of individuals, or to prevent incidents of immorality in, for example, hotels that are otherwise respectable establishments. See *Diversified Theatrical Corp, supra,* 247.

As in *Motorama,* we hold that a single incident is insufficient to establish a nuisance. Further, the circumstances of this case do not permit a reasonable inference that the conduct was habitual. In this case, the prosecution has alleged only a single incident to support the contention that defendants' car was a nuisance. While the prosecution discusses at length the reputation and record of Kathy Palarchio, the woman found in the car with Mr. Bennis, this does not establish that defendants' car was used on more than that occasion for lewdness, assignation, or prostitution. Similarly, testimony was presented that Mr. Bennis was seen on more than one occasion driving in that area and talking to women. Not only does this observed conduct not prove that defendant was involved in lewdness, assignation, or prostitution, there was no evidence to establish that this conduct, if it occurred, took place in the vehicle in question. In fact, defendants allegedly purchased the car only three weeks before the incident that gave rise to this action.

The dissent in this case states that the mobile nature of a vehicle, as compared to real property, justifies finding the vehicle to be a nuisance upon proof of only one incident of prohibited conduct. The dissent reasons that to require proof that the vehicle was used on more than one occasion for a purpose proscribed by the statute would thwart the purpose of the public nuisance statute. While the prohibited conduct would indeed have to be observed on more than one occasion, that is the very nature of a nuisance. *Motorama, supra,* 229-

230. In fact, if conduct happens so rarely that authorities investigating the situation are unable to observe a recurrence of the conduct, we would hesitate to find a nuisance. Just as one incident of prostitution does not create a brothel out of a family hotel, neither does one isolated incident of prohibited conduct in a vehicle necessarily make the vehicle a nuisance.

Defendants further contend that the prosecution failed to demonstrate that an act of lewdness, assignation, or prostitution occurred in the car and that the abatement provisions are therefore inapplicable. We agree. After the incident in question, Mr. Bennis apparently was charged with one count of gross indecency, MCL 750.338b; MSA 28.570(2).[1] The record indicates that Mr. Bennis was found in the car in an area apparently known for prostitution and was engaged in sexual activity with a woman previously arrested for prostitution. Defendant was only charged with gross indecency, however, presumably because there was no proof that the activities in which Mr. Bennis and Ms. Palarchio were engaged involved the payment of money.

Our Supreme Court in *Levenburg* noted that while assignation is generally defined as an appointment for a meeting, especially between lovers, the term as used in the abatement act is limited to the making of an appointment for purposes of prostitution. *Levenburg, supra,* 465-466. Similarly, while lewdness may be defined more broadly in the common sense of the word, in the abatement act the term is confined to acts of

---

[1] The complaint alleges that Mr. Bennis was charged with "indecent and immoral conduct." The complaint further alleges that "the observed conduct is a violation of MCLA 750.449a, engaging the services of a prostitute and MCLA 750.338b, gross indecency between male and female." The prosecution agrees in its brief on appeal, however, that defendant John Bennis was charged only with gross indecency, and further admits that there is no evidence that Mr. Bennis paid or intended to pay Ms. Palarchio.

prostitution. See *Diversified Theatrical Corp, supra,* 246-250. This construction of the terms is sensible, considering that the purpose of the statute is to eliminate repeated prostitution in a specific location. Thus, while Mr. Bennis' conduct in his car may have been lewd or may have been an assignation in a general sense, there is no demonstration that the conduct was that which is prohibited by the statute, absent proof that the sexual activity was in exchange for money.[2]

Reversed.

MARILYN KELLY, J., concurred.

JANSEN, P.J. *(dissenting).* I respectfully dissent. I would affirm the November 16, 1988, judgment entered by the Wayne Circuit Court declaring defendants' 1977 Pontiac automobile to be a nuisance and terminating their interest in the automobile.

Defendants contend that the trial court erred in denying their motion for summary disposition brought pursuant to MCR 2.116(C)(8). Specifically, defendants argue that plaintiff's complaint failed to allege more than one isolated instance of use of the 1977 automobile for purposes of lewdness, assignation, or prostitution and failed to allege knowledge of, consent to, or acquiescence in the alleged nuisance by Tina Bennis. I disagree.

A motion for summary disposition based on a failure to state a claim upon which relief can be granted is to be tested by reference to the pleadings alone, and all well-pleaded material allegations must be taken as true. *State ex rel Oakland*

---

[2] Nor is Mr. Bennis' conduct included within the nuisance statute merely because his conduct can be equated with gross indecency, and was therefore arguably disorderly. See *Diversified Theatrical Corp, supra,* 246, 250; *State ex rel Oakland Prosecuting Attorney v Alray Northcrest Plaza,* 146 Mich App 595, 602-604; 381 NW2d 731 (1985).

*Co Prosecutor v Motorama Motel Corp,* 105 Mich
App 224, 226; 307 NW2d 349 (1981). The standard
is whether the plaintiff's claims are so clearly
unenforceable as a matter of law that no factual
development could possibly justify a right to recov-
ery. *Id.*

Defendants maintain that plaintiff's complaint
was insufficient because it failed to allege that
Tina Bennis had knowledge of, consented to, or
acquiesced in the use of the automobile by her
husband to create a nuisance. The majority held
that "the prosecution was obligated to *demon-
strate* that defendants knew of the use of the
vehicle as a nuisance before the nuisance could be
ordered abated." (Emphasis added.) I disagree.

It is not disputed that the title to the 1977
automobile indicated that Tina Bennis and John
Bennis were its owners. MCL 600.3815(2); MSA
27A.3815(2) specifically and unambiguously pro-
vides that "[p]roof of knowledge of the existence of
the nuisance on the part of the defendants or any
of them, is not required." The statute expressly
obviates the necessity of proof of knowledge of the
existence of the nuisance on the part of defen-
dants. *People ex rel Wayne Prosecuting Attorney
v Bitonti,* 306 Mich 115, 119, 121; 10 NW2d 329
(1943); *State ex rel Attorney General v Robinson,*
250 Mich 99, 103; 229 NW 403 (1930). But see
*People v Schoonmaker,* 241 Mich 177; 216 NW 456
(1927); *State ex rel Wayne Prosecuting Attorney v
Weitzman,* 21 Mich App 705; 176 NW2d 463
(1970). "Obviously, where proof of knowledge is
unnecessary, allegations of the owner's knowledge
are not required to state a statutory cause of
action." *State ex rel Oakland Co Prosecuting At-
torney v Weaver,* 74 Mich App 462, 464; 254
NW2d 68 (1977).

I recognize that our Supreme Court has held, as

noted by the majority, that proof of knowledge is required for abatement. *Schoonmaker, supra.* However, I also recognize that subsequent decisions of the Supreme Court have held that the statute, MCL 600.3815(2); MSA 27A.3815(2), obviates the need for proof of knowledge. *Bitonti, Robinson, supra.* See also *People ex rel Wayne Prosecuting Attorney v Tate,* 306 Mich 667, 669; 11 NW2d 282 (1943). Given the clear, unambiguous language of the statute, I am convinced that *Bitonti, Tate, Robinson,* and *Weaver* are correct. I would hold that plaintiff was not required to allege knowledge on the part of Tina Bennis.

Defendants also claim that plaintiff failed to allege more than one isolated instance of use of the 1977 automobile for the purpose of lewdness, assignation, or prostitution. I would hold that plaintiff was not required to allege more than one use of the vehicle for the purposes proscribed in the statute.

Because of the unique characteristics of an automobile, and in particular its mobility, I would follow the opinion of Justice BUSHNELL in *Bitonti, supra.* In *Bitonti,* the Court held "that proof of only one isolated instance of violation of the statute was sufficient." *Id.,* p 122. I am convinced that this is the proper interpretation to be given the public nuisance statute when a vehicle is used for the purpose of lewdness, assignation, or prostitution. The statute specifically provides that any vehicle used for the purpose of lewdness, assignation, or prostitution is declared a nuisance. MCL 600.3801; MSA 27A.3801. The statute does not require protracted use of the vehicle for purposes of lewdness, assignation, or prostitution, and in a case such as this, where the automobile is used as an indispensable part of the statutory violation, I

would hold that a single incident is sufficient to sustain a finding of nuisance.

I am mindful that cases such as *Motorama Motel Corp, supra,* have held that a "nuisance involves the notion of repeated or continuing conduct and should not be based upon proof of a single isolated incident unless the facts surrounding the incident permit the reasonable inference that the prohibited conduct was habitual in nature." *Id.,* pp 229-230. However, *Motorama Motel Corp* involved a police officer who was accosted and solicited by a female at the Last Chance Bar and was then taken across the street to the defendant's motel by the female. *Id.,* p 225. The officer's affidavit indicated that the motel was only used for that purpose on a single occasion. *Id.,* p 230.

Given the obvious and inherent differences between a stationary or fixed building or structure and a mobile vehicle, it is my opinion that the better-reasoned rule allows a finding of public nuisance on the basis of a single instance of conduct involving the use of a vehicle for the purpose of lewdness, assignation, or prostitution. A building or fixed structure may be subject to continuous surveillance for the purpose of determining whether the premises are continuously or repeatedly being used for the purpose of lewdness, assignation, or prostitution. However, when a vehicle is used for any of the purposes set forth in MCL 600.3801; MSA 27A.3801, the authorities would have to determine that the same car was being used on a continuous or repeated basis for purposes proscribed by the statute. Because of the mobility of a vehicle, this would surely be nearly impossible.

As the majority notes, the purpose of the statute is to eliminate the use of property in connection with gambling, prostitution, and the illicit sale of

liquor. *People ex rel Wayne Prosecuting Attorney
v Sill,* 310 Mich 570, 575; 17 NW2d 756 (1945);
*State ex rel Oakland Prosecuting Attorney v Gi-
nell,* 159 Mich App 679, 681-682; 407 NW2d 59
(1987). To require plaintiff to prove that the same
vehicle was used on numerous occasions for pur-
poses proscribed by the statute would thwart the
purpose of the public nuisance statute.

Defendants also argued that the trial court
erred in finding that a public nuisance existed
where the evidence failed to show that John Ben-
nis engaged in more than one isolated instance of
proscribed conduct. Defendants further argue that
there was no evidence presented to establish that
Bennis paid Palarchio for performing the sexual
act and that the conduct between Bennis and
Palarchio was consensual.

As I have stated, it is my opinion that when a
vehicle is used for the purpose of lewdness, assig-
nation, or prostitution, proof of a single instance of
conduct will support a finding that the vehicle
constitutes a public nuisance pursuant to MCL
600.3801; MSA 27A.3801. Additionally, I am con-
vinced that sufficient evidence was presented to
establish that the Bennises' vehicle was used for
the purpose of lewdness, assignation, or prostitu-
tion.

In *State ex rel Macomb Co Prosecuting Attorney
v Mesk,* 123 Mich App 111; 333 NW2d 184 (1983),
this Court noted that the Supreme Court, in *State
ex rel Wayne Co Prosecutor v Diversified Theatri-
cal Corp,* 396 Mich 244; 240 NW2d 460 (1976),
found the meaning of the terms lewdness, assigna-
tion, and prostitution, as used in the abatement
statute, to be clear. *Mesk,* p 116. Although the
Court in *Diversified Theatrical Corp* did not ex-
pressly define the terms, it quoted from *Chicago v*

*Geraci,* 30 Ill App 3d 699, 703; 332 NE2d 487 (1975), as follows:

> However, we find no confusion in the meaning of these terms. Although traditionally the term "lewdness" is viewed as being broader than and including the term "prostitution," . . . such terms refer to *the same general class of activities* which are normally associated with houses of prostitution (or whatever such establishments may be called). They are intended to designate and prohibit sex acts of whatever nature which are performed for money. [Citation omitted; emphasis in *Diversified Theatrical Corp,* 396 Mich 250, n 13.]

The majority states that John Bennis apparently was only charged with one count of gross indecency, MCL 750.338b; MSA 28.570(2), "presumably because there was no proof that the activities in which Mr. Bennis and Ms. Palarchio engaged were in exchange for payment." However, a review of plaintiff's complaint reveals that Bennis and Palarchio were arrested and charged with indecent and immoral conduct, specifically, engaging the services of a prostitute, MCL 750.449a; MSA 28.704(1), and gross indecency between male and female persons, MCL 750.338b; MSA 28.570(2).

Testimony indicated that on March 3, 1988, John Bennis was driving home from work in the 1977 Pontiac automobile. Bennis stopped the car at the corner of Eight Mile and Sheffield, where a young woman, Palarchio, was standing. At the time Bennis stopped his vehicle, he was being observed by two Detroit police officers who were working undercover for the vice squad.

Before Bennis stopped his vehicle, the officers observed Palarchio "flagging" cars in an effort to get them to stop. When Bennis stopped his vehicle, Palarchio walked to the passenger's side and en-

tered the car. Bennis drove down the street, made
a U-turn, parked, and turned off the car's head-
lights.

The officers followed, and parked approximately
three car lengths behind the 1977 Pontiac. Officer
Anthony testified that he saw two heads in the
car, a female head on the right side and a male
head on the left. Immediately after the officers
parked their vehicle, the female head disappeared
toward the driver's side of the car. The officers
approached the vehicle and observed Palarchio
performing an act of fellatio on Bennis.

Officer Anthony testified that it was a known
fact that Palarchio had been working as a prosti-
tute. She had been arrested many times before on
charges of accosting and soliciting, indecent and
obscene conduct, and disorderly conduct. Palarchio
had also been arrested for "flagging" vehicles in
an attempt to get them to stop.

I would find that the evidence was sufficient to
support a finding that John Bennis used his vehi-
cle for the purpose of lewdness, assignation, or
prostitution. The trial court could properly infer
from all the evidence presented that John Bennis,
while occupying the 1977 Pontiac, engaged the
services of Palarchio for the purpose of lewdness,
assignation, or prostitution. Clearly, prostitution
includes an act of fellatio. *Mesk,* p 117.

Additionally, the trial court did not err in order-
ing abatement of the nuisance and extinguishing
the proprietary interest of the innocent co-owner,
Tina Bennis. As noted above, MCL 600.3815(2);
MSA 27A.3815(2) obviated the requirement of
proof of a defendant's knowledge of the existence
of the nuisance. *Tate, Bitonti, Robinson, Weaver,
supra.* Plaintiff was not required to show knowl-
edge on the part of Tina Bennis.

I would affirm the judgment of the trial court declaring defendants' 1977 Pontiac automobile to be a nuisance and terminating their interest in the automobile.